HOOD, Judge.
This is a workmen’s compensation suit instituted by Irene Bailey against Ray C. Daugherty and his workmen’s compensation insurer, American Casualty Company of Reading, Pennsylvania. Plaintiff alleges that she is permanently and totally disabled as the result of injuries sustained by her during the course and scope of her employment by defendant Daugherty. After trial of the case on its merits, the trial court rendered judgment in favor of defendant rejecting plaintiff’s demands, and plaintiff has appealed from that judgment.
The only questions presented on this appeal are: (1) Whether an accident occurred as alleged by plaintiff; and (2) if an accident did occur as alleged, whether plaintiff sustained disabling injuries as a result of that accident. The trial court resolved both of these questions in the negative.
The evidence establishes that plaintiff worked for defendant Daugherty as a cook in the Tri-Way Restaurant, owned and operated by said defendant in Calcasieu Parish, from January, 1960, until July 5, 1960. Her working hours during that time, and particularly during the month of May, were from 5:00 a. m. to 2:00 p. m. She was discharged from her employment on July 5, 1960, because she had failed to come to work the previous day. Some time after plaintiff had been discharged a letter was addressed to Daugherty by plaintiff’s attorney, advising that plaintiff demanded compensation payments because of an injury alleged to have been sustained by her during the course of her employment on May 18, 1960.
Plaintiff testified that at about 11:00 a. m. on May 18, 1960, while she was working in defendant’s restaurant, she sent a boy *221 who also was employed to work in the kitchen to deliver some prepared lunches to nearby establishments, and while he was gone she walked out the back door of the restaurant to go to the restroom. She stated that when she returned a few minutes later, she walked through the back door of the restaurant, and immediately after passing through that door she stumbled and fell over several cases of “soda water bottles,” which she contends were placed on the floor in the passageway while she was in the restroom. It is from this alleged fall that plaintiff claims to have sustained the injuries for which she seeks compensation.
Plaintiff further testified that at the time this accident occurred, Mr. Daugherty and Kathleen Toups, a waitress also employed by defendant, were in the restaurant. She stated that immediately after she fell, Kathleen Toups came into the kitchen and plaintiff told her to inform Mr. Daugherty of the fact that she had fallen and was injured. According to plaintiff, Mr. Daugherty came into the kitchen of the restaurant shortly thereafter, and plaintiff at that time told him about the accident and informed him that she was injured as a result of the fall. She also states that later that day she related the circumstances of the accident to Willie Rochester, another employee in the restaurant, who was scheduled to be at work at 2:00 p. m. but who for some reason had come to work about noon on that day. She testified that she asked Rochester to take over her duties in the kitchen so she could go home early.
Plaintiff states that immediately after the alleged accident occurred she suffered' pain in her abdomen, and that continuously since that time she has suffered abdominal pain and pain in the low back area. She says she told Mr. Daugherty about this pain and requested that he give her some money so she could go to the doctor, but that he refused her request because “he said he wasn’t making any money.”
Willie Rochester testified that he came to work about noon one day, and that shortly after his arrival plaintiff asked him to take over for her in the kitchen so she could go home early. He said she told him that she had hurt herself and was not feeling well. He stated, however, that plaintiff did not explain to him how she had injured herself or the nature of the injury, and he was uncertain as to when, even as to the month, his conversation with plaintiff took place.
Mary Minor, plaintiff’s sister, with whom plaintiff lives and who helps to support four of plaintiff’s five minor children, testified that she discussed plaintiff’s accident with Mr. Daugherty shortly after it occurred and that she asked him to send plaintiff to the doctor, but that Mr. Daugherty refused, stating that “there is nothing wrong with Irene.”
Defendant Daugherty emphatically denies that plaintiff ever reported to-him that she had had an accident or that she had sustained an injury during the course of her employment. He testified that neither plaintiff nor Kathleen Toups ever discussed any such accident or injury with him, and that no mention of the alleged accident or injury was ever made to him by plaintiff’s sister, Mary Minor, or by Willie Rochester. Pie stated that the first information he received of the alleged accident and injury was in a letter addressed to him by plaintiff’s attorney some time after plaintiff had been discharged from her employment. He testified that if plaintiff had reported an accident or injury to him, he would not have refused to send her to a doctor, because he carried insurance for that purpose.
Kathleen Toups, plaintiff’s co-employee, also denies that plaintiff ever mentioned to her that she had had an accident or had sustained an injury while working in the restaurant. She testified that plaintiff did not at any time ask her to call Mr. Daugherty, that plaintiff never complained to her of any injury or sickness, and that she had never heard of any alleged accident *222 or injury until Mr. Daugherty read to her the letter which he received from plaintiff’s counsel some time after plaintiff had been discharged from her employment.
Charles Dejean, who apparently was employed by Daugherty after the alleged accident occurred, testified that he worked in the kitchen with plaintiff and that plaintiff never complained to him of any pain or injury, and that she never mentioned the fact that an accident had occurred.
The evidence shows that plaintiff did not miss a single day of work from the day the accident is alleged to have occurred, on May 18, 1960, until July 4, 1960. Defendant Daugherty contends that she had promised to come to work on this last mentioned date, and because of her failure to do so he fired her the following morning. Plaintiff contends that Daugherty had released her from work that day because her sister had planned to be out of town and would not be able to bring her to work. It appears from plaintiff’s testimony, therefore, that she was able to work on that day and that she did not claim to be injured or disabled at that time.
In a compensation case, as in other cases, the plaintiff bears the burden of proof, and he is required to establish his claim with reasonable certainty by a preponderance of the evidence. Burk v. Gulf Refining Co. of Louisiana, La.App., 2 Cir., 171 So. 135; Dours v. Travelers Ins. Co., La.App., 1 Cir., 48 So.2d 817; Caldwell v. Caldwell, La.App., 2 Cir., 55 So.2d 258; Roberts v. M. S. Carroll Co., La.App., 2 Cir., 68 So.2d 689; Fontenot v. Camden Fire Insurance Asso., La.App., 3 Cir., 124 So.2d 640; Johnson v. Cloud, La.App., 3 Cir., 125 So.2d 478; Pellican v. Ashy Construction Co., La.App., 3 Cir., 127 So.2d 812.
The trial judge concluded that plaintiff had failed to establish that an accident occurred as alleged, and we cannot say that the court erred in arriving at that conclusion. Plaintiff’s testimony as tp the occurrence of the alleged accident is completely refuted by the testimony of Daugherty and Kathleen Toups, the only other persons who were present in the restaurant at the time it is alleged to have occurred.
We think the evidence establishes that no mention of any such accident or injury was made by plaintiff, or by anyone else, to plaintiff’s employer or to her fellow employees until long after plaintiff had been discharged from her employment. Plaintiff continued to work regularly for a number of weeks after she contends that she was injured, and she did not consult a doctor or seek medical attention until July 21, 1960, more than two months after the accident is alleged to have occurred. She contends that as a result of the accident she sustained injuries, consisting of an umbilical hernia and a strain of the low back area. The expert medical testimony presented convinces us that if plaintiff actually had sustained these injuries, particularly a herniation at the level of the umbilicus, she would have complained of those injuries immediately following the accident and would have sought medical attention shortly thereafter.
Also, it appears unlikely to us that the accident could have occurred in the manner stated by plaintiff. According to plaintiff’s own testimony, defendant Daugherty and Kathleen Toups were the only persons working in the restaurant at the time she went to the restroom. She stated that she remained in the restroom only a few minutes, and that during that time someone stacked several cases of bottles directly in the doorway. These bottles were not placed in the doorway by either Daugherty or by Kathleen Toups, and since the kitchen boy was on an errand at that time he could not have done so. Both Daugherty and the waitress testified that there were no bottles in that passageway at any time on that day, and Kathleen Toups testified that although the restaurant is “not real small,” she could have heard a fall such as plaintiff contends *223 she sustained if such an accident had actually occurred.
We feel, as did the trial judge, that the evidence fails to establish that an accident occurred as alleged in plaintiff’s petition, and accordingly that plaintiff is not entitled to workmen’s compensation benefits.
The trial judge also found that plaintiff had failed to establish the disability which she alleges. In view of our conclusion that no accident has been shown to have occurred, it follows that there could be no causal connection between any disability which plaintiff may now have and her employment. For that reason it is not necessary for us to consider the issue of whether plaintiff has established that she has been disabled since the date of the alleged accident.
For the reasons herein set out, therefore, the judgment of the trial court is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.