GLADNEY, Judge.
Plaintiff, Floyd Richardson, instituted this suit for workmen’s compensation. His demands were denied by the trial court for failure to establish by sufficient evidence accidental injury and disability of a mental or physical nature arising from his employment. Named as defendants are Sam Sklar, doing business as Louisiana Iron & Supply Company, and his workmen’s compensation insurer, The Fidelity and Casualty Company of New York.
Plaintiff alleged that on August 10, 1961, while loading two-inch iron pipe onto a truck with the assistance of a boom located on the rear of the truck, the load of pipe suddenly swung around toward him, knocked him off balance and caused him to fall into a hole approximately eighteen inches deep; that he felt a sharp pain in his lower back and was unable to get up until another employee came over and helped him; and that as a result of the accident he suffered a back injury diagnosed as a ruptured intervertebral disc, and a severe strain of the muscles of his back. The answer of defendants admitted the employment of plaintiff and coverage by the defendant insurer, but denied accidental injury and disability. On October 22, 1962, plaintiff’s petition was amended to set forth that as a result of the accident he had sustained a fracture of the left traverse process of the fifth lumbar vertebra, and was suffering from conversion hysteria.
On this appeal counsel for appellant assigns a number of errors, all of a factual nature, to the judgment denying relief. These have been carefully examined but we find them to be unsubstantiated by the record. Undoubtedly, the trial court’s decision was influenced by the unsatisfactory character of the evidence presented by plaintiff in behalf of his claim. In his opinion the judge a quo points out several discrepancies in plaintiff’s own testimony, its variance from pleaded facts, and the failure to produce corroborating witnesses. The only person called by Richardson to testify as to the occurrence of the accidental injury was an employee named Clement Armstrong, but he denied seeing the accident. Notwithstanding such weak proof, compensation payments were made through August 24, 1961. •
Nor was appellant’s medical evidence convincing. Plaintiff was first examined on August 11, 1961, by Dr. Ford Macpher-son, who administered a complete orthopedic examination. The employee was seen again on August 15th, during which time he received physiotherapy and on August 22nd Dr. Macpherson was of the opinion that plaintiff could return to work without disability on the following day. Orthopedic examinations were also made by Drs. King, Taylor and Tucker — by Dr. Ray E. King on April 6 and May 11, 1962, and by Dr. Willis J. Taylor on October 1, 1962. These doctors reported no abnormality and no objective finding of injury. Plaintiff was also examined on several occasions by Dr. James W. Tucker, who gave his opinion that there was a strong possibility of a ruptured disc and X-rays taken by him on June 20, 1962 revealed a healed fracture of the left traverse process of the fifth lumbar vertebra. He expressed the opinion that plaintiff could not return to heavy labor. The stated opinions of Dr. Tucker were contrary to those of Drs. Macpherson, King and Taylor.
On September 28, 1962, plaintiff returned to Dr. Macpherson, who was unable to verify the patient’s complaints and thought he might be suffering from conversion hysteria. Pie referred him to Dr. Erie W. *745 Harris, Jr., a psychiatrist. Dr. Macpherson explained that this referral was prompted by an abundance of caution, that he could find nothing wrong with the patient to cause such a condition, and was of the opinion plaintiff was intentionally deceiving him. The doctor frankly admitted that psychiatry is a specialty completely out of his field, which is confined to orthopedics. Dr. Harris testified he thought it was possible that plaintiff was suffering from conversion hysteria or conversion reaction, but he could not say this with any reasonable medical certainty. His examination of October 16, 1962, was concluded in a relatively short period of time, and he frankly stated that his finding was in a measure based on the suggestion of Dr. Macpherson. Dr. Charles W. Armistead, a psychiatrist, testified that as a result of his examination of Richardson on November 13, 1962, he found nothing from the history as given him by the plaintiff to support a diagnosis of conversion reaction, and he could find no psychiatric disease or any mental condition, including conversion hysteria, that would prevent plaintiff from performing manual labor.
A plaintiff in a workmen’s compensation case, as in any other civil suit, must prove his case by a preponderance of evidence, and the required liberal construction of the statute does not relieve claimant from this burden. LSA-R.S. 23:1021 et seq.; Green v. Heard Motor Company, Inc., et al., 224 La. 1078, 71 So.2d 849 (1954); Scott v. Roy O. Martin Lumber Company, Inc., La.App., 116 So.2d 726 (2d Cir. 1959).
Counsel has directed our attention to Peavy v. Mansfield Hardwood Lumber Company, et al., La.App., 40 So.2d 505 (2d Cir. 1949); Miller v. United States Fidelity and Guaranty Company, La.App., 99 So.2d 511 (2d Cir. 1958); and Webber v. Wofford-Brindley Lumber Company, et al., La.App., 113 So.2d 23 (1st Cir. 1959), as being authorities for this court to accept the evidence submitted herein as proof that the employee was suffering from conversion hysteria or a traumatic neurosis, and justify an award of compensation. We do not agree. Each of the cited cases discloses that the psychiatric condition therein found to exist was supported by positive expert and lay testimony. In the instant case not only is the affirmative testimony tendered on behalf of claimant inconclusive, but there is positive negative testimony.
We are of the opinion plaintiff has failed to sustain his burden of proof with respect to physical injury or psychiatric condition resulting from an accidental injury beyond August 24, 1961. The trial court correctly determined the issues presented, and accordingly, the judgment is affirmed.