163 So.2d 855 (1964)
Lonnie CARTER, Jr., Plaintiff-Appellant,
v.
CASUALTY RECIPROCAL EXCHANGE et al., Defendants-Appellees.
No. 10170.
Court of Appeal of Louisiana, Second Circuit.
April 30, 1964.
*856 Coon & Coon, Monroe, for Lonnie Carter, Jr., plaintiff-appellant.
Hudson, Potts & Bernstein, Monroe, for Casualty Reciprocal Exchange and R. W. Butler & Sons Lumber Co., defendants-appellees.
Before GLADNEY, AYRES and BOLIN, JJ.
AYRES, Judge.
By this action, plaintiff sought to recover of his employer and the employer's insurer workmen's compensation at the maximum statutory rate. Plaintiff contended that, while loading sheetrock on a truck February 1, 1963, he sustained an injury to his back resulting in total and permanent disability. The trial court concluded plaintiff had not established that he sustained either an accident or a compensable injury. His demands were accordingly rejected and he appealed. Defendants answered the appeal and prayed that they be awarded damages for frivolous appeal.
Plaintiff's employer is a retail building materials and construction company with offices and a warehouse located in West Monroe. Its operations extend over several parishes of northeast Louisiana. Plaintiff's employment as a common laborer and truck driver, loading, hauling, and delivering materials, covered a period of almost four months.
On February 1, 1963, the occasion of the alleged accident, plaintiff delivered materials to a jobsite in Jonesboro, after which he loaded onto his truck sheetrock for return to the warehouse in West Monroe. Plaintiff testified that while handling this material, he experienced a catch in the right side of his back; that he suffered pain at the time, and that he continued to do so on the return journey. Plaintiff, nevertheless, made no mention of either an accident or an injury when he reported to his foreman during midafternoon. He continued with the performance of his duties until the close of the day. During this interval, plaintiff came in contact with other employees. To none of them did he report an accident or make any complaint. Nor did plaintiff, at the close of the day, which was also the close of the week's work, make a report or complain of accidental injuries when receiving his wages. No unusual or restricted movements were noted in plaintiff by any of his fellow employees.
Notwithstanding his contention of continued pain during the following Saturday and Sunday, plaintiff returned to his employment on Monday. Prior to work time, a general conversation was engaged in by several employees, including plaintiff. To none of these, nor to his supervisors, did plaintiff make any mention of an accident or complain of injury. Nothing unusual about plaintiff was noted by anyone. However, plaintiff did not work that day. He requested and was given the day off to get his driver's license.
The first information received by the employer that plaintiff claimed to have sustained accidental injuries was on Tuesday afternoon, February 5, 1963, when plaintiff called his foreman by telephone and informed him of the alleged accident. Prior thereto and at about 7:00 a. m., a call was made by a woman, who identified herself as plaintiff's wife, to his foreman informing the latter that plaintiff was sick and therefore would not report to work. No mention was made, at that time, of accidental injuries. Pursuant to plaintiff's call, plaintiff was instructed by his foreman to see Dr. Claude K. Smith of West Monroe.
Plaintiff was seen by Dr. Smith on February 6, 1963, as well as on the 7th, 8th, and 11th. On the latter date, plaintiff was admitted to a hospital where he remained until February 15, 1963. On five occasions *857 during the two weeks following his release from the hospital, plaintiff reported to the doctor. The doctor found a minimal muscle spasm, also characterized by him as "questionable."
Altogether, plaintiff was treated or examined by seven physicians, some of whom were orthopedists. No good purpose could be served by reviewing their testimony in detail. It suffices to say that the most any of them found was a possible mild sprain or strain. This finding could not, of course, be said by any of them to have been caused by the accident claimed by plaintiff.
A plaintiff in a workmen's compensation case, as in any other civil suit, must establish his demands by a preponderance of evidence, and the liberal construction placed upon the statute does not relieve a claimant from this burden. LSA-R.S. 23:1317; Green v. Heard Motor Co., Inc., et al., 224 La. 1077, 1078, 71 So.2d 849; Richardson v. Fidelity and Casualty Company of N.Y. et al., La.App., 2d Cir., 1963, 157 So. 2d 743; Bankston v. Aetna Casualty Co. of Hartford, Conn., et al., La.App., 1st Cir., 1961, 132 So.2d 111; Bailey v. American Casualty Company of Reading, Pa. et al., La.App., 3d Cir., 1961, 131 So.2d 220.
The liberality of the rules of evidence and of procedure generally applicable to compensation cases, however, does not apply to the proof that an accident occurred, or, if it did occur, that it caused disability. Meshell v. Sabine Lumber Company, La.App., 3d Cir., 1962, 137 So.2d 70; Carter v. Dinkeldein, La.App., 4th Cir., 1960, 125 So.2d 201; Buller v. Travelers Indemnity Company, La.App., 1st Cir., 1960, 118 So.2d 134.
The rule, however, is well established that the testimony of a plaintiff alone, in a workmen's compensation case, is sufficient to establish the occurrence of an accident, if there is nothing to discredit his account thereof and where his statements are supported by the surrounding circumstances. Gray v. Southern Farm Bureau Casualty Ins. Co., La.App., 2d Cir., 1961, 134 So.2d 588; Fouchea v. Maloney Trucking & Storage, La.App., Orleans, 1959, 108 So.2d 273; Wyatt v. Consolidated Underwriters et al., La.App., 2d Cir., 1957, 98 So. 2d 537; France v. City of New Orleans, La.App., Orleans, 1957, 92 So.2d 473; Roy v. Guillot, La.App., 2d Cir., 1955, 84 So.2d 469 (writ denied); Dolhonde v. Gullet Gin Co., La.App., 1st Cir., 1946, 25 So.2d 104.
Plaintiff relies on the aforesaid principle inasmuch as there were no witnesses to the accident allegedly sustained. But, as stated, for one to recover under this principle upon his testimony alone, there must be nothing which impeaches or discredits him, and his testimony must be supported by surrounding facts and circumstances. In this case, the veracity of plaintiff's testimony has been severely attacked by counsel for defendants. The record reveals several instances of inconsistencies and apparent contradictions. Neither was there any satisfactory explanation supplied for plaintiff's delay in making complaint and reporting the alleged accident to his employer. He was familiar with his employer's rule for prompt reporting of all accidents and injuries and was well aware of the necessity therefor. Previous experience with compensation claims belies ignorance or lack of knowledge of plaintiff in this respect.
Moreover, the medical evidence is unsatisfactory. It does not support plaintiff's version of an accident in the course of his employment and therefore is not corroborative of the showing made that an accident actually occurred.
Lastly, appellees contend that under LSA-C.C.P. Art. 2164 they should be awarded damages for a frivolous appeal, and suggest that $750 would fairly measure the cost which they will incur for legal services in connection with this appeal. Without determining the legal question involved as to whether the appeal in the instant case comes within the class contemplated by the statute, we cannot conclude that the appeal was frivolous. The record establishes there *858 was some basis for the prosecution of plaintiff's claim although only for a very limited term of disability.
For the reasons assigned, the judgment appealed is accordingly affirmed at plaintiff-appellant's cost.
Affirmed.