FRUGÉ, Judge.
Plaintiff brought suit in the lower court seeking workmen’s compensation benefits for total and permanent disability allegedly due him as the result of an accidental injury which occurred on November 16, 1964. The lower court held that the plaintiff was not totally and permanently disabled within the meaning of our Workmen’s Compensation Act and dismissed the suit. From this adverse judgment below, plaintiff has appealed to this court.
The plaintiff is an uneducated, large, muscular male, 46 years of age, and in the employ of the defendants as a log truck driver. On November 16, 1964, the plaintiff was driving a truck loaded with logs through the woods when a wheel came off the truck, causing it to overturn. As the truck overturned, plaintiff was thrown about in the cab and received spraining and straining injuries to the lumbar and cervical muscles and ligaments of his lower *655 back. After a short period of time the plaintiff began to experience back pain and was taken to the doctor by his employer some few hours after the accident. He was hospitalized under the care of Dr. E. C. Meyers and remained in the hospital some nine or ten days. Compensation benefits at the rate of $35.00 per week were paid by his employers from the date of the accident, November 16, 1964, through January 11, 1965, at which time they were discontinued. In addition, the defendants paid all medical and hospital expenses in connection with the plaintiff’s injury. The occurrence of the accident, the fact that the plaintiff did receive an injury, the initial liability of the employer, and the plaintiffs right to receive the maximum rate of compensation are uncontested and are not at issue before this court. The only question presented for our decision is whether at the time compensation benefits were discontinued the plaintiff was ■disabled, and if so, to what extent.
Plaintiff testified that he has not worked since the accident because after a considerable amount of walking his legs and hips become numb and because he cannot •climb around and load and unload logs from the trucks like he could before the accident (Tr. 33). The plaintiff was treated or examined by six physicians, and with the aid of the trial judge’s excellent review -we will endeavor to outline their findings and conclusions.
The defendant offered in evidence the reports of Dr. E. C. Meyers, a general practitioner who treated the plaintiff during his stay in the hospital, and Dr. T. W. Merriwether, an orthopedic surgeon initially •consulted on the case. Dr. Meyers diagnosed the plaintiff’s injury as multiple contusions and sprain and strain injuries to the muscles and ligaments of the cervical and lumbar spine. Dr. Meyers was the attending physician and when he last examined the plaintiff on November 28, 1964, his report indicated that in his opinion the plaintiff was capable of doing the same work as before the accident and had no permanent injuries (Tr. 108).
Dr. Merriwether, an orthopedic surgeon, examined the plaintiff the day after the accident, November 16, 1964, and again on January 19, 1965. On his first examination he found no true muscle spasm of the posterior neck musculature, some muscle irritation of the lumbar spine, and no significant nerve root irritation, with normal and equal reflexes. He stated that the plaintiff complained of generalized pelvic pain and especially pain in the area of the symphysis. X-rays of the cervical lumbar spine areas were taken and were negative except for mild hypertrophic arthritis. X-rays of the pelvic area exhibited an old fracture or injury to the pubic symphysis with arthritic and cystic changes. On reexamination by Dr. Merriwether on January 19, 1965, plaintiff exhibited no palpable muscle irritation in the lower back. Additional X-rays of the pelvis were taken and there was no significant change in the appearance of the pelvis as compared with Dr. Merriwether’s early examination. Summarizing, Dr. Merriwether stated that he could not explain the patient’s complaints on his present physical findings as correlated to his injury. He could find no orthopedic physical reason why the plaintiff could not resume his normal activities at the time of this examination (January 19, 1965).
The plaintiff was examined at defendant’s request by Dr. T. E. Banks, an orthopedic surgeon, on December 22, 1964. Dr. Banks found only mild tenderness of the musculature of the back and no muscle spasm (Tr. 93). He found some calcification at the symphysis pubis and at the iliopsoas tendon on the right side. Dr. Banks felt that these changes were very old, possibly resulting from a childhood injury. He found no evidence of an inter-vertebral disc rupture, and in his opinion the changes in the pelvic area were not related to or aggravated by the accident. Dr. Banks felt that the plaintiff was not disabled from an orthopedic standpoint and *656 that he could have returned to work within a maximum of six weeks after the injury (Tr. 95).
Dr. Philip Bonn, a neurosurgeon, examined the plaintiff on February 22, 1965, and he reported that he could find no evidence of nerve root compression which would indicate a ruptured disc. He found no muscular spasm and felt that the plaintiff’s complaints were compatible with a lumbar myoligamentous sprain or strain (Tr. 70). He related that since the plaintiff was still complaining of pain, on February 22, 1965, in his opinion he could not return to hard manual labor (Tr. 71).
At the request of the plaintiff’s attorney, the plaintiff was examined on July 1, 1965, by Dr. Homer Kirgis, a specialist in neurology and neurosurgery. Dr. Kirgis found old healed fractures of the pubic and ischial bones in the pubic area. He felt that the symptoms exhibited by the plaintiff indicated a probable ruptured intervertebral disc (Tr. 86) but that the evaluations of an orthopedist and a urologist would be desirable in this connection. He stated that the plaintiff’s greatest source of discomfort was the old pelvic fracture and that because of this discomfort the plaintiff was disabled to perform any type of work. Dr. Kirgis felt that a lumbar sprain was a possible diagnosis but that his finding of a narrowing of the lumbosacral disc space “causes one to worry about the possibility that the injury is a little bit more than just a sprain and possibly involves a disc.”
The plaintiff was examined the next day, July 2, 1965, by Dr. Heinz K. Faludi, a neurologist. Dr. Faludi found the old fracture of the left side of the pelvic bone and a lumbosacral strain which he classified as mild. He found no indication of a ruptured intervertebral disc (Tr. 59) and he stated that in his opinion any disability which the plaintiff may have was the result of the pelvic fracture.
From this medical evidence the trial court concluded that the plaintiff had suffered at some time in the past a fracture of the pubic and left ischial bones which had healed poorly and which at this time was a source of the plaintiff’s possible disability. The court further found that the fracture was old and that it preceded the injury of November 16, 1964, by months or years and that, though on November 16 the plaintiff did suffer a sprained or straining injury to the muscles and ligaments of the cervical and lumbar spine, this condition had healed as of the date compensation was terminated on January 11, 1965 (Tr. 117).
Under the settled principles that in a workmen’s compensation suit a plaintiff must establish his claim by a reasonable preponderance of the evidence and that in every case the factual conclusions of the trial judge are to remain undisturbed absent a finding of manifest error, this court is of the opinion that the determinations of the trial judge are correct and that therefore the plaintiff is not entitled to an award of total and permanent disability as a result of the injury he suffered on November 16, 1964. Jackson v. International Paper Company, 163 So.2d 362 (La.App. 3d Cir. 1964) and authorities cited therein; Richard v. National Union Fire Insurance Company of Pittsburg, 189 So.2d 460 (La.App. 3d Cir. 1966).
For the foregoing reasons, the judgment of the district court is hereby affirmed, costs to be borne by the plaintiff-appellant.
Affirmed.