SAVOY, Judge.
Plaintiff was injured in the course and scope of her employment on October 22, 1964, while employed by Baker’s Shoe Store defendant’s insured. Defendant paid plaintiff workmen’s compensation benefits at the rate of $35.00 per week from the date of the accident through September 17, 1965, in the sum of $1,645.00, and maximum medical payments provided under the compensation act, namely $2,500.00
After a trial on the merits, the trial court found plaintiff totally and permanently disabled, and awarded plaintiff maximum compensation under the act. Claim for attorney’s fees and penalties was rejected. Defendant has appealed.
The question on appeal is as to the extent of plaintiff’s disability.
Plaintiff was first seen by Dr. Ken Moss, a surgeon of Lake Charles, Louisiana, on October 23, 1964. He hospitalized plaintiff and diagnosed her injury as an acute lumbosacral strain. He also had Dr. E. W. Phillips, an orthopedist, examine plaintiff. Dr. Moss expected plaintiff to be able to return to work in about two weeks. Dr. Moss saw plaintiff again on November 21, 1964. She was still complaining of pain. *671 The plaintiff was sent to Dr. Hatchette, orthopedist, who performed a myelogram, which was negative.
Dr. Hatchette referred plaintiff to Dr. Joseph H. Robertson, a neurosurgeon of Houston, Texas, for further examination. Dr. Robertson admitted plaintiff to Methodist Hospital on February 2, 1965. The doctor had a’ myelogram and an electro-myogram performed on the plaintiff. Because of her persistent complaints, he decided to perform an exploratory operation of the lumbar spine This he did on February 9, 1965. A herniated nucleus pul-posus at L 4-5 was removed (sometimes referred to as a slipped disc). Plaintiff was discharged by Dr. Robertson on February 15, 1965. She returned to the doctor for additional examinations on May 7, July 16, and November 8, 1965.
During the deposition which Dr. Robertson gave on November 1, 1966, the following questions were asked and the following answers were given:
“Q. Did you feel this woman has completely recovered the last time you saw her doctor?
“A. Had she completely recovered.
“Q. Yes sir.
“A. No she had not completely recovered from a symptomatic point of view (referring to Nov. 8, 1965 examination). I have not seen this individual since that time, as far as my records indicate.
“Q. But as of that date, you wouldn’t say, would you, doctor, that she was a completely well individual, would you, sir?
“A. Not from a symptomatic point of view.
“Q. Was there any reason for you to doubt the validity of her symptoms ?
“A. I did not doubt the validity of her complaints. As we were talking about pain and discomfort, the question was as to what was the cause of these. There was no evidence that I could find that these were related to a neurological problem. And that to further evaluate these, this patient should have a full evaluation and should be hospitalized and be reevaluated by an internist and orthopedic surgeon to see if any abnormality could be found for her symptoms.”
Dr. Hatchette saw plaintiff on her return from Houston, and he could not account for the back pains which plaintiff experienced subsequent to surgery.
During the trial defendant showed that plaintiff had several other operations other than to the back. Several because of female trouble, and the other for removal of the breast because of cancer.
We are unable to say that the trial judge committed error in awarding plaintiff compensation for permanent disability. Dr. Robertson felt as did Dr. Hatchette that plaintiff had recovered from her injury on November 8, 1965. The trial judge undoubtedly- felt that plaintiff was bona fide in stating that she still had back pain at the time of the trial. A disc operation is a major one.
We are reluctant to disturb the findings of the trial judge in the absence of an abuse of much discretion vested in him in view of the recent pronouncement of the Supreme Court of this State in the case of Lomenick v. Schoeffler, 200 So.2d 127.
For the reasons assigned the judgment of the district court is affirmed at appellant’s costs.
Affirmed.
“On Application for Rehearing.
“En Banc. Rehearing denied.