211 So.2d 718 (1968)
Ellen Kiji CLEVINGER, Plaintiff-Appellant,
v.
The CONTINENTAL INSURANCE COMPANIES, Defendant-Appellee.
No. 11017.
Court of Appeal of Louisiana, Second Circuit.
June 4, 1968.
*719 Dan A. Spencer, Shreveport, for appellant.
Mayer & Smith, Shreveport, for appellee.
Before AYRES, PRICE and WILLIAMS, JJ.
PRICE, J.
This is an appeal from a judgment rejecting plaintiff's suit for benefits under the Workmen's Compensation Act. Plaintiff alleges that she sustained an injury to her right foot while working as a waitress for George Casten at his restaurant in the City of Shreveport, known as Murrell's Grill #1. The Continental Insurance Companies was made defendant as it was the workmen's compensation insurance carrier for Mr. Casten.
Plaintiff contended that she was totally disabled to perform the same work as engaged in at the time of the injury and sought to recover benefits at the maximum rate during the period of disability. She also sought to recover past and future medical expenses in connection with her injury.
The injury was alleged to have occurred on December 1, 1966. Plaintiff, while working in her employment, struck her right foot on a drain pipe at the end of a counter, causing a fracture to the fifth toe of the right foot. She continued to work until December 9, 1966, some eight days after the accident. On this date she sought medical treatment from Dr. Denny E. Gamble, a foot specialist, who first attempted to reduce swelling and pain by therapeutic treatment. This being unsuccessful, he recommended a surgical procedure to remove a part of the fractured bone which had become infected. At the same time he recommended surgical correction of a congenital defect in the second metatarsal bone of the same foot. A resection of the metatarsal head of this bone was performed at the same time.
The surgery was performed on December 4, 1966, and plaintiff was hospitalized until December 23, 1966. Plaintiff returned to work after being released from the hospital *720 and continued to work for the same employer until either April or May, 1967. She subsequently worked for a number of different employers in the same type of work. Plaintiff testified that although she did continue to perform the same type of work after the injury, she suffered substantial pain after a few hours of standing and walking on her feet.
In his reasons for judgment the district judge stated he was of the opinion that the plaintiff had not borne the burden of proving that she was disabled from doing the same type of work. His conclusion was based on the evidence of her having continued to work as a waitress to the time of the trial. He was also of the opinion that should plaintiff have suffered any disability subsequent to this accident it was a result of abnormalities in her foot of congenital origin and not as a result of the accident complained of.
Plaintiff has assigned that the trial judge was in error in holding that she was not totally and permanently disabled because she had continued to do the same work after the injury and corrective surgery. She contends the court ignored the testimony tending to show that she was in substantial pain in the continued performance of her employment. We recognize the rule that an employee who continues to work after an injury by suffering substantial pain will not be precluded from compensation benefits because of his work record. It is incumbent on plaintiff, however, to prove by a preponderance of the evidence that although she continued to work, she was physically unable to do so without suffering substantial pain as a result of the injury she received. The same burden exists in a workmen's compensation case that prevails in ordinary civil cases. Green v. A. C. Campbell Construction Co., La.App., 78 So.2d 54 (2d Cir., 1955).
The jurisprudence of this State has recognized that an appellate court should not reverse a trial judge's finding and conclusion unless it is apparent that the trial judge has committed manifest error. This rule has been applied to workmen's compensation cases. Holland v. Coal Operators Casualty Co., La.App., 191 So.2d 195 (3d Cir., 1966); Matlock v. L. L. Brewton Lumber Co., La.App., 196 So.2d 654 (3d Cir., 1967); Laborde v. Liberty Mutual Insurance Co., La.App., 200 So.2d 670 (3d Cir., 1967).
We do not find any manifest error in the conclusion of the trial judge on this question. The medical experts called on behalf of plaintiff all testified that she should be able to continue her work as a waitress by using prescribed arch support devices. Dr. Denny E. Gamble, chiropodist, and Dr. Ray E. King, an orthopedist, each were of the opinion that plaintiff had pronounced congenital abnormalities in her feet. Dr. Gamble testified that plaintiff had a large bunion under the second toe of the right foot at the time she first visited him for treatment of the fracture to the fifth toe of that foot. He also testified that she gave him a history of having had trouble with her foot prior to the injury. From the testimony of these two doctors it must be concluded that it was more probable that any pain plaintiff continued to suffer with her foot after the operation resulted more from the resection of the second metatarsal head rather than from the removal of a portion of the bone of the fifth metatarsal phalangeal joint. It was pointed out in the testimony that the fifth metatarsal phalangeal joint does not play an important part in weight bearing as does the second metatarsal.
Dr. King, when questioned with regard to the probability of the source of any pain resulting from these operative procedures testified as follows:
"Q. Now, I understand, Dr. King, that the removal of the 2nd metatarsal head was completely unrelated to the accident. Is there any way that you can attribute the pain that she sustains on walking and prolonged *721 periods of standing to the removal of either one of these bones?
"A. I would say the pain she has on prolonged standing and so forth would arise primarily from resection of the 2nd metatarsal head, which, as we mentioned, is not related to this. There is probably some discomfort from taking off the 5th."
Miss Margie Wall, called as a witness by plaintiff, testified she had worked with plaintiff at the time she was injured and also had worked with her at a previous place of employment, the Freestate Bowling Lane Restaurant. Under cross-examination she stated the plaintiff had continuously had trouble with her feet while working at Freestate.
We find that the district judge was correct in his finding that plaintiff had not sufficiently proven that she was totally and permanently disabled because of the injury received to the fifth toe of her right foot. Should any disability be present, the preponderance of the evidence discloses that it results from the congenital abnormalities in her feet and the surgical procedure performed on the second metatarsal phalanx.
We find no merit in plaintiff's assignment of error that the district court failed to make an award for a permanent partial disability for the loss of a toe. The evidence reflects that only a portion of the bone on the underside of the toe was removed. This would not be considered as the loss of the member.
We are of the opinion that the plaintiff is entitled to medical expenses incurred in connection with the injury to her fifth toe. The evidence reflects that the total charges by Dr. Gamble amounted to $494.00 and this amount covered his entire surgical procedure and treatment of plaintiff. It is apparent that two operative procedures were performed at the same time and that only one of these resulted from the accident. Therefore, plaintiff is only entitled to one-half of the charges of Dr. Gamble, amounting to $247.00. In addition to this the medical charges of Dr. King in the amount of $125.00 should be awarded to plaintiff.
For the foregoing reasons it is ordered that the judgment appealed from is hereby amended to award plaintiff judgment against the defendant for the sum of $372.00 for medical expenses, and in all other respects the judgment appealed from is affirmed.
The costs of this appeal are assessed against appellee.