HALL, Judge.
This is a workmen’s compensation suit brought by Wilson Lee Bailey against the Employers Liability Assurance Corporation, Ltd., insurer of the plaintiff’s employer, United Ammunition Container, Inc. Plaintiff was injured in an accident which occurred during the course of his employment on January 16, 1969, when he dropped a piece of iron on his left foot. In his petition, filed August 7, 1969, the plaintiff alleged that he was totally and permanently disabled and prayed for judgment awarding him workmen’s compensation benefits during the period of his disability not to exceed 500 weeks, together with medical expenses. Defendant answered admitting insurance coverage and admitting that plaintiff sustained a fracture of the first metatarsal bone of the left foot on January 16, 1969, while in the course of his employment. Defendant further alleged that plaintiff was paid workmen’s compensation benefits and received medical attention at the expense of defendant through May 6, 1969 and that plaintiff was fully recovered and able to return to work as of that date. Alternatively, defendant alleged that if plaintiff was disabled beyond that date, the disability was due to his failure and refusal to accept proper medical treatment.
Although originally alleging total and permanent disability, plaintiff now actually seeks recovery of benefits only for the 27 week period between May 6, 1969 and November 8, 1969, on which latter date plaintiff concedes he had recovered and was able to return to work. Plaintiff contends that he was continuously in pain and disabled from the date of the accident un *358 til his recovery from an operation performed on September 22,. 1969, by which operation a plantar neuroma between the second and third toes of his left foot was removed, and that the plantar neuroma was caused by the accident in January. Defendant denies that the plantar neuroma had any causal connection with the accident.
The issues in this case are purely factual in nature. The first issue is whether plaintiff has proved a causal connection between the accident and the plantar neu-roma. The second issue is whether any disability plaintiff may have had after May 6, 1969, was due to his failure and refusal to accept proper medical treatment. The trial court, in a thorough and well-reasoned written opinion, concluded that plaintiff proved the causal connection between the accident and the plantar neuroma and awarded plaintiff compensation benefits for 27 weeks, together with medical expenses in the amount of $608.90. From this judgment defendant appealed.
It is our opinion that the decision of the trial judge is entirely correct and that he correctly concluded that the plantar neuroma was caused by the accident. The decision of the trial judge is entitled to great weight in a case involving purely factual issues. Vinzant v. L. L. Brewton Pulpwood Co., Inc., 239 La. 95, 118 So. 2d 117 (1960); Clevinger v. Continental Insurance Companies, La.App., 211 So.2d 718 (2d Cir. 1968).
The evidence shows that plaintiff was first examined and treated by Dr. S. M. Richardson, Jr., a surgeon and general practitioner in Minden. Dr. Richardson diagnosed the injury as a fracture of the first metatarsal bone of the left foot. Plaintiff was fitted with a walking-type cast which was removed on February 14. Plaintiff was dismissed by Dr. Richardson on February 21, but continued to complain of pain and was referred by Dr. Richardson to Dr. Ray E. King, an orthopedic specialist, on April 3, at the request of the employer. Dr. Richardson was of the opinion that plaintiff was able to return to work as of that date.
Dr. King testified that he examined plaintiff on April 4, that he found a healed fracture in the midshaft of the first metatarsal bone which appeared to be solid. Dr. King felt that plaintiff should start active weight bearing on his foot and prescribed a shoe with an arch support. Dr. King saw the plaintiff on several occasions until May 27. It was his opinion that plaintiff had recovered and was able to return to work.
Both Dr. Richardson and Dr. King testified that they found no evidence of a neuroma during their examination and treatment. Both doctors expressed the opinion that if plaintiff later developed a neuroma, it was not related to or caused by the January accident. However, it should be noted that these witnesses offered no other explanation for plaintiff’s continuing pain.
Plaintiff was next examined by Dr. Harry F. Jones, an orthopedic specialist of Shreveport, who first saw plaintiff on June 25, 1969. Dr. Jones made tests for plantar neuroma at that time and although plaintiff complained of pain in the area where the neuroma was later removed, Dr. Jones found that the tests were inconsistent and, therefore, considered to be negative. Dr. Jones saw plaintiff again on July 2 and July 9 and on this latter occasion referred him to Dr. Warren Long, a specialist in neurologic surgery, for neurological evaluation.
Dr. Long examined plaintiff on July 9 and found no neuroma or damage to the nerves of the left foot. He recommended, however, that the patient go back in a walking cast for a period of 6 weeks. On July 14, Dr. Jones placed plaintiff in a short leg walking cast. The cast was removed on August 23.
Plaintiff continued to complain of pain and on September 3, Dr. Jones prescribed *359 a leather oxford type shoe with metatarsal bars. He reported at that time that although he was not sure, he thought the patient might have a plantar neuroma. On September 22, Dr. Jones operated and removed a plantar neuroma between the second and third toes of the left foot. Plaintiff had an uneventful recovery and on November 8, Dr. Jones felt that he was sufficiently relieved of pain and was ready to return to work, and, in fact, plaintiff volunteered that he thought he was ready to go back to work.
Dr. Jones testified that in his opinion, the plantar neuroma was caused by the crushing type blow sustained by plaintiff in the January accident. He suspected the existence of a neuroma from his first examination in June, but could not pinpoint it and the diagnosis was not confirmed until the operation in September. Dr. Long testified that although he did not find a neuroma during his examination in July, it could well have been there. He testified that assuming continuous pain from the time of the accident until after the plantar neuroma was removed and assuming no intervening causes, this could be a real cause and effect situation.
All of the medical witnesses testified that the plaintiff was a man of below average intelligence and that communication with him was difficult. This undoubtedly made a correct diagnosis of the cause of his pain more difficult. We are impressed, as were Dr. Jones and the trial judge, with the plaintiff’s sincerity in his complaints of continuous pain. The evidence is that plaintiff was a hard working man and there was no evidence that he was in any way a malingerer.
The evidence is that plaintiff was continuously in pain from the date of the accident until after his recovery from the operation removing the plantar neuroma. Although the opinions of the doctors are in sharp conflict as to whether the neuroma was caused by the accident, their collective testimony shows a continuity of pain in the left foot from the date of the accident until the plantar neuroma was removed, that the plantar neuroma did, in fact, exist at the time of the operation, and that generally plantar neuromas are caused by trauma and develop over a period of time. It is our opinion that a preponderance of the evidence supports the conclusion that the plantar neuroma developed as a result of the blow to the foot received by plaintiff in January.
Although the nature of the accident and injury involved here are quite different than were involved in Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So.2d 816 (1968), the principle of law stated by the Supreme Court is applicable:
“In a case such as the present one, where there is proof of an accident and of a following disability without any intervening cause, it is presumed that the accident caused the disability. The criterion for causal connection between the accident and the disability is: Has the accident changed the plaintiff’s condition so as to render him disabled and unfit for his former employment?”
Defendant also contends that plaintiff failed or refused to accept medical treatment by not wearing the special shoes prescribed by Dr. King and Dr. Jones and by continuing to use crutches. The evidence does not show any willful or significant failure on the part of plaintiff to follow the doctors’ directions and, in any event, there is no evidence showing that anything plaintiff did or failed to do contributed to the development of the neuroma, which we find to be the primary cause of his continuing pain and disability.
Plaintiff is, therefore, entitled to recover workmen’s compensation benefits from May 6, 1969 to November 8, 1969, together with the medical expenses incurred during that period.
The judgment of the lower court is affirmed at appellant’s cost.