HEARD, Judge.
Plaintiff appeals from a judgment rejecting his workman’s compensation claims for total and permanent disability benefits, medical expenses, penalties and attorney’s fees against his employer, Flenniken Construction Company, Inc., and its insurer, Argonaut Insurance Company of Dallas, Texas.
Plaintiff was employed as a supervisor for Flenniken Construction Company, Inc., a paving contractor.
About the first of October, 1968 he began to complain of headaches and was admitted to Bossier General Hospital on October 16, 1968. On October 17 he was transferred to the Schumpert Memorial Hospital in Shreveport.
Neurological tests showed that Cavender’s brain was somewhat elevated and displaced. He showed signs of change of personality, difficulty in expressing himself and marked signs of disuse of his right arm and leg. A craniotomy was performed at the left temple and two clots were removed from his brain. A clot was removed from the subdural space, the space between the outer and inner covering of the brain. After removal of the clots infection set in and the bone flap, through which the surgery was performed, had to be removed. In a subsequent procedure a plastic plate was put in the skull.
The cause of the hematomas is the issue presented in the trial and on appeal. Plaintiff alleged that on October 2, 1968 while performing his duties for his employer he was struck on the head by the door of his truck. He had parked on an incline and the door closed as he stepped out. He further alleged that on October 4, 1968 he slipped and fell to the ground striking the left side of his head on a clod of dirt. There were no witnesses to the two job-related accidents nor did Cavender report them to his employer, his fellow employees or to his wife.
During the early morning hours of Sunday, October 6, 1968 plaintiff fell while attempting to get out of bed, catching his foot on the bed covers. His head hit a door of the bathroom and when admitted to the hospital, it was this accident that Mrs. Cavender reported to the examining physician. His wife testified that she knew nothing of the two job-related accidents. Other witnesses testified that Cavender stated that while he had his vehicle jacked up for repair work, it fell, hitting him on his head. This was reported to his employer on the following Monday morning and at that time Cavender was advised to see a doctor.
*654 Plaintiff incurred large medical bills as a result of his surgery but he filed claims for these bills under his group hospitalization plan. It is alleged that as a result of the immobility of his right side he developed adhesive capsulitis of his right shoulder. Some six or seven months after the alleged accident plaintiff contacted an attorney and at that time he remembered the job-related accidents.
The trial judge found that there was no proof that the injuries complained of were caused by accidents which occurred within the scope of his employment. Cavender has appealed alleging that the trial court placed too heavy a burden of proof on plaintiff and that he had proved that his injuries were the results of an accident that arose in the course and scope of his employment.
It is well settled that the plaintiff in a workman’s compensation suit must bear the same burden of proof as any other plaintiff in a civil action. Liberal construction afforded the workman’s compensation statute does not relieve a worker of the necessity of proving his case by a preponderance of the evidence. LSA-R.S. 23:1317 (1960); Carter v. Casualty Reciprocal Exchange, La.App., 163 So.2d 855 (2d Cir. 1964); Roberts v. M. S. Carroll Company, La.App., 68 So.2d 689, (2d Cir. 1953), and Green v. Heard Motor Company, Inc., 224 La. 1077, 1078, 71 So.2d 849 (1954).
Testimony of the employee alone is sufficient to establish the occurrence of the accident. However, there must be no evidence in the record that would tend to discredit his testimony. Carter v. Casualty Reciprocal Exchange, supra, and Gisevius v. Jackson Brewing Company, La.App., 152 So.2d 231 (4th Cir. 1963). In this case the only evidence presented to establish an accident while on the job was Cavender’s own testimony and he was not clear exactly where he slipped and fell. He reported neither accident to his employer; there were no other witnesses to the accident nor did Cavender mention the accident to his fellow. employees. When he reported to work Monday, October 7, 1968 he did not mention either of the two job-site accidents, but told his employer that he hurt his head while at home working on his car. He was not admitted to the hospital for another two weeks. Then his wife told the examining neurologist that her husband had slipped, hitting his head on a door. She had no knowledge of an accident while on the job. Cavender testified that when he received his injury on October 4, 1968 he was struck on his head by the door of his car while working at the KCS or Deramus job. This testimony was contradicted by four witnesses for defendants who testified that no work was in progress at the KCS job on that date and at that time Mr. Cavender worked at another job site.
The jurisprudence of this state has recognized that an appellate court should not reverse a trial judge’s findings and conclusion unless it is apparent that he has committed manifest error. This rule has been applied to workman’s compensation cases. Holland v. Coal Operators Casualty Company, La.App., 191 So.2d 195 (3d Cir. 1966); Matlock v. L. L. Brewton Lumber Company, La.App., 196 So.2d 654 (3d Cir. 1967); LaBorde v. Liberty Mutual Insurance Company, La.App., 200 So.2d 670 (3d Cir. 1967) and Clevinger v. Continental Insurance Company, La.App., 211 So.2d 718 (2d Cir. 1968).
In this case we fail to find that the trial judge committed manifest error, and for the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.