AYRES, Judge.
Plaintiff instituted this suit against his former employer and its workmen’s compensation insurer to recover workmen’s compensation benefits allegedly due for total and permanent disability resulting from an accident which he claimed occurred while he was performing the duties of his employment on January 29, 1970. He contended that he sustained an inguinal hernia and a ruptured intervertebral disc as a result of the accident. The trial judge, in a written opinion, concluded that plaintiff had failed to establish that either the hernia or the back injury was sustained as a result of an accident or even that an accident occurred. Accordingly, a judgment rejecting plaintiff’s demands was entered. Plaintiff appealed from this judgment.
The issues are factual in nature. The testimony established that plaintiff had been employed by defendant for approximately twenty-six years; on the date of the alleged accident, he was assigned the duties of a porter, or janitor. His work consisted primarily of scrubbing, stripping, mopping, and waxing the floors, but occasionally he did odd jobs.
Plaintiff testified that on January 29, 1970, he carried a buffing machine up a flight of stairs while at work and that when he reached the top of the stairs, he began “paining all over.” He was able to finish his work that night, but noticed a swelling in his groin area. Within a few days, he consulted Dr. W. J. Hill, Jr., and Dr. Hill discovered a right inguinal hernia. Plaintiff testified he told Dr. Hill his back was hurting and that both injuries occurred when he carried the buffing machine up the stairs. Plaintiff admitted he never told anyone connected with his former em *149 ployer he had suffered the hernia or back injury as a result of the occurrence of an accident while at work. He testified he told Ted Craig, his supervisor, that he needed time off for a hernia operation, but he did not tell Craig how the hernia occurred. This conversation with Craig occurred some two weeks after plaintiff first visited Dr. Hill. Plaintiff also admitted that he had suffered right inguinal hernias on two previous occasions and that both had been surgically corrected.
Dr. Hill testified that he first saw plaintiff in early February, 1970, when plaintiff told him that he had felt a sharp pain in his right side while using a buffing machine. The doctor testified that while plaintiff did complain of back pain after the hernia had been surgically corrected on March 6, 1970, plaintiff never told him that he had injured his back in the course of his employment. The doctor also testified that he examined plaintiff’s back on June 30, 1970, and that x-rays taken as an aid in the diagnosis of a herniated disc were negative. Plaintiff was released from the doctor’s care on June 2, 1970. On July 8, 1970, the doctor wrote a note to the workmen’s compensation insurer reporting that plaintiff was able to return to the same type of work he was doing prior to surgery.
Craig further testified that on Thursday or Friday prior to plaintiff’s operation, he told plaintiff that the employer would continue to pay his full wages during the time he was unable to work as a result of the surgery, but that, at no time, did plaintiff mention any accident to which he attributed the hernia or which caused an injury to his back. Craig’s first knowledge that plaintiff was claiming that the hernia repaired by Dr. Hill was caused by an accident was when he received a letter from Dr. Hill soon after June 4, 1970. Defendant paid plaintiff full wages until he was discharged by Dr. Hill. Craig knew of plaintiff’s previous hernias and assumed that this hernia was a recurrence of the problem. Prior to January 29, 1970, he observed a hernia which was visible through plaintiff’s clothes.
Dr. Baer I. Rambach, an orthopedic surgeon, who first saw plaintiff on July 2, 1970, testified that plaintiff told him he had injured his back and sustained a hernia while using a buffing machine in March of 1970. Dr. Rambach performed a lumbar myelogram on plaintiff on September 21, 1970, which indicated a herniated disc at the L4 — L5 level. The doctor noted, however, it was unlikely that the injuries allegedly sustained by plaintiff on the job were connected with the back pain unless the back pain began soon after the injury occurred.
The sole issue before us on appeal is whether the trial judge was correct in his rejection of plaintiff’s demands because of plaintiff’s failure to prove the occurrence of an accident on the job or that the injuries complained of resulted therefrom.
In an action for workmen’s compensation, as in any other civil action, plaintiff bears the burden of proof and must establish his claim, by a preponderance of the evidence, to a legal certainty. Mere speculation, conjecture, possibility, and even unsupported probability are insufficient to support a judgment. Guillory v. New Amsterdam Casualty Company, 244 La. 225, 152 So.2d 1, 6 (1963); Roberts v. M. S. Carroll Co., 68 So.2d 689 (La.App., 2d Cir. 1953).
Moreover, as this court said in Carter v. Casualty Reciprocal Exchange, 163 So.2d 855, 857 (La.App., 2d Cir. 1964), “The liberality of the rules of evidence and of procedure generally applicable to compensation cases, however, does not apply to the proof that an accident occurred,
The testimony of an employee alone may be sufficient to establish that an acci *150 dent occurred provided that his testimony is supported by the surrounding facts and circumstances and if there is nothing to discredit his account of the accident. Carter v. Casualty Reciprocal Exchange, supra; Cavender v. Flenniken Construction Company, 247 So.2d 652, 654 (La.App., 2d Cir. 1971).
The only testimony supporting plaintiff’s claim that an accident occurred while he was discharging the duties of his employment is that of plaintiff himself; there were no other witnesses to the alleged accident. Defendant therefore contends that the conflicts in plaintiff’s testimony as well as that with others are sufficient to discredit plaintiff’s testimony to the extent that it alone is insufficient to establish that an accident occurred. It may be pointed out in this connection that plaintiff gave varying accounts of the date on which the alleged accident occurred, i. e., he testified that it occurred on January 29, 1970; however, he told Dr. Rambach that it occurred in March, 1970. He at first told an insurance adjuster that it occurred in February, 1970, then changed the date to January 29, 1970, and admitted that he never told his supervisor that he was injured at work even though he discussed his need for time off to have the hernia surgically repaired. Three co-workers testified that they knew plaintiff had a hernia and that he had an operation, but plaintiff never told them that the hernia was caused by an accident on the job.
There was also conflict between the testimony of plaintiff and that of Dr. Hill, the physician who treated him from early February, 1970, until the end of June, 1970. Plaintiff said he told Dr. Hill on his initial visit that he had back pain, but Dr. Hill said there were no complaints of back pain until after the hernia was surgically repaired on March 6, 1970, or for some six weeks after the accident allegedly occurred. Dr. Hill also denied plaintiff’s testimony that he had told plaintiff he could never work again, but rather said that he released plaintiff on June 2, 1970, as able to return to his former employment. Dr. Rambach testified it was unlikely that plaintiff’s back pain was connected with the alleged accident unless the back pain began soon after the accident, which was shown not to have been the case.
Plaintiff cites two cases which he contends provide ample grounds for reversal of the trial judge’s findings. In Lindsey v. Hartford Accident and Indemnity Co., 175 So.2d 831 (La.App., 3d Cir. 1965), the employee testified that he had received a series of back injuries beginning in January, 1962, and culminating in September, 1963. Only the last accident was observed by a witness. However, beginning in March, 1962, after the second accident, the employee began seeking medical attention for back pain on numerous occasions and had been unable at times to perform his work, including a six-month period from December, 1962, to June, 1963, when he was on sick leave because of back pain. The appellate court affirmed a finding of the lower court that the plaintiff was totally and permanently disabled because of injuries sustained on the job. The appellate court placed considerable emphasis upon the fact that in December, 1962, some nine months prior to his claim of disability, the employee related to a doctor that he had received injuries at work which created his back problem. This is a different situation from that of the instant case in which the plaintiff did not mention back pain to the doctor who initially treated him until some six weeks after the alleged accident and never told this doctor that he had injured his back in the course of his employment.
It is also pertinent to note that plaintiff in the instant case did not claim he had injured his back until the employer stopped payment of wages which were being paid during plaintiff’s recovery from surgery performed to correct the hernia. This discontinuance was not placed in effect until *151 the employer was notified by Dr. Hill that he had released plaintiff as able to resume his employment.
In Hayes v. Louisiana Irrigation & Mill Company, 168 So.2d 396 (La.App., 3d Cir. 1964), the appellate court affirmed the trial judge’s findings that the employee was totally and permanently disabled due to an accident which had occurred during the course and within the scope of the employee’s employment. The employee testified that the accident occurred on April 11, 1962, while he was working with another employee; however, the other employee was unable to corroborate this testimony. The wife and son of the injured employee testified that he was unable to work on April 12, 1962, and that the son had telephoned his father’s supervisor and informed him of the accident. The supervisor denied this. The employee sought medical attention on April 15, 1962. In affirming the judgment appealed the court quoted at length from written reasons assigned for judgment in which it was explained that the court had been favorably impressed by the manner in which the employee had testified and by the corroborating testimony of the employee’s wife, son, physician, and neighbors.
Different factual situations distinguish the cited case from the instant case. Neither an accident nor a compensable injury was established in the present record.
As was stated in Cavender v. Flenniken Construction Company, supra, “The jurisprudence of this state has recognized that an appellate court should not reverse a trial judge’s findings and conclusions unless it is apparent that he has committed manifest error. This rule has been applied to workmen’s compensation cases.” Our review of the record does not disclose that the trial judge committed such error, and, for the reasons assigned, the judgment appealed is affirmed at plaintiff-appellant’s costs.
Affirmed.