PRICE, Judge.
Plaintiff has appealed from the judgment of the district court rejecting his demands for workmen’s compensation benefits. David Arrant contends that on November 2, 1970, while employed by the Louisiana Department of Highways, he was a member of a crew engaged in the planting of shrubbery at a rest area off Interstate-20 near Monroe. He further contends that while engaged in digging a hole with the use of a shovel, he suffered a sudden pain in his back and reported the *187 occurrence of his injury to his foreman on the same date. Plaintiff contends that because of the injury to his hack he is totally and permanently disabled from performing any work of a reasonable character and is entitled to benefits under the Workmen’s Compensation Statute for this disability.
The issue before us on this appeal is whether or not the plaintiff established by a preponderance of the evidence that he suffered an accident while in the course and scope of his employment on November 2nd which caused his present physical condition. The claimant in a workmen’s compensation proceeding must prove his demands by a preponderance of the evidence just as in any ordinary civil action. Carter v. Casualty Reciprocal Exchange, 163 So.2d 855 (La.App.2d cir. 1964). Nor should the appellate court disturb the finding of a trial judge in a workmen’s compensation proceeding unless there is manifest error apparent in the record. Clevinger v. Continental Insurance Companies, 211 So.2d 718 (La.App.2d cir. 1968).
Plaintiff’s testimony describing the manner in which he injured his back on November 2nd is not supported by the testimony of any other members of his work crew. Two of his co-workers testified that when plaintiff reported for work on this date he complained to them that his back was hurting. They further testified plaintiff stated he could have hurt himself doing work at home the preceding week. The testimony of the plaintiff and other members of his immediate family tending to show that the initial onset of the back complaints began on November 2nd after plaintiff returned from work, is not sufficient to overcome the impartial testimony of his co-workers who refute this testimony.
In addition, the testimony of plaintiff’s own physician indicates that at the time he first interviewed plaintiff no history was given of his having received a work connected injury.
We are of the opinion plaintiff has failed to establish by a preponderance of the evidence that he sustained an injury in the course and scope of his employment causing his present disability.
For the foregoing reasons the judgment appealed from is affirmed.