CULPEPPER, Judge.
This is a workmen’s compensation suit. After a trial on the merits the district judge found that plaintiff had failed to prove the occurrence of an accident arising out of and in the course of his employment. From a judgment dismissing his suit, plaintiff appeals.
Plaintiff contends that on Tuesday, February 5, 1963, he was working alone as a laborer for the city of Leesville, repairing streets with “pre-mix” asphalt. He says he was climbing into a dump truck when his foot slipped off the rear tire and he fell to the ground suffering injuries to his right leg, right hip and a lumbosacral strain. Since plaintiff was the only witness to the accident, he relies on our jurisprudence to the effect that the testimony of a plaintiff alone may be sufficient. But, as was pointed out in Garrett v. Gaylord *770 Container Corp., 71 So.2d 373 : “ * * * This is subject to the further condition that there is nothing to discredit the plaintiff’s account of the accident and the resulting disability and his statements are supported by the surrounding circumstances.” See also Guilbeaux v. Trinity Universal Insurance Co., La.App., 134 So.2d 717 (3 Cir.1961); Franks v. Department of Highways for Louisiana, La.App., 43 So.2d 491; O’Connor v. American Automobile Insurance Co., La.App., 32 So.2d 624.
We have carefully reviewed the record and find it fully supports the trial judge’s conclusion that the surrounding circumstances do not support the plaintiff; that plaintiff himself gave conflicting versions of the accident; and that the evidence as a whole actually preponderates in favor of defendants that no such accident occurred. We adopt as our own the following findings of fact by the trial judge:
“Plaintiff claims that he was hurt on February S, 1963, while he was putting out premix asphalt, but the evidence shows that no such operation was being done by the City of Leesville on February 5, and further that such operation was never conducted by one man alone, but by at least two and sometimes three men. The evidence also shows that plaintiff gave conflicting and contradictory versions of how the accident happened stating to Hillman, Johnson and Wright that he had fallen out of the cab of the truck, while at the trial he testified to an entirely different version. The evidence shows that plaintiff made no mention of an accident to his employer for more than three weeks after the accident, and although he stated he told his son-in-law and son, of the accident, neither of them reported the accident to the employer, the son merely telling Johnson on February 11 that his father was sick. The evidence also shows that plaintiff worked every day of the week in which he claims he was hurt, and additionally, he worked on Friday and Saturday afternoons of that week for Mr. Goins, after getting permission from Mr. Johnson to get off early. This court does not believe that, if plaintiff suffered the injuries claimed by him on February 5, he could have performed his regular work for the City the remainder of the week and additionally work for Mr. Goins on Friday and Saturday afternoons of that week. Finally, Dr. Pressler, the only medical practitioner who testified, stated that he found no obj ective symptoms of injury or disability, and that his diagnosis was based on the ‘subjective evidence’.”
For the reasons assigned the judgment appealed is affirmed.
Affirmed.