CULPEPPER, Judge.
This is a workmen’s compensation suit. From an adverse judgment the defendant insurer appeals.
The sole issue on appeal is whether plaintiff sustained a compensable accident.
Plaintiff was working as a roustabout for Central Excavation Company, which is engaged in the business of cleaning rights of way, building board roads, doing excavation work, etc. On October 5th and 6th, 1964, plaintiff and a co-employe, William Winn, were assigned to clean briars, bushes and small trees along a railroad track. They used axes and briar hooks.
Although he does not know the exact movement which caused it, plaintiff contends he first began to feel pain and stiffness in the lower part of his back shortly after the lunch hour on October 6. Initially the pain was not severe. Plaintiff cut brush the remainder of that day; and performed other manual labor tasks for the next two weeks. However, he says that his back became progressively more painful. Finally, he quit work on about October 19 and went to Dr. Lester Broussard, the company doctor, who diagnosed a lumbar strain. He has not returned to work since that day. The medical testimony shows he probably has sustained a herniated intervertebral disc, from which he is permanently and totally disabled.
In finding that an accident was proved the trial court, in a well considered written opinion, said:
“Plaintiff testified that on October 5th and 6th, 1964, he was cutting brush and small trees near Opelousas. In accordance with the policies of. his employment, he signed and turned in work slips at the end of each work day. It was also customary that a notation be made on the slip as to whether or not an accident had occurred on the day for which the slip was prepared. The work slip for October 5th indicated “no accident”, however, the slip for the following day, the alleged day of the accident is void of any such notation. It was the plaintiff’s testimony that in preparing the latter work slip, he did not make the notation “no accident” because, sometime after lunch he felt a little pain, a “heated pain”, his back began to get stiff and the pain increased as the day went on, and he felt that something was wrong. His pain increased day after day, yet, because the *676 job was pressing and he needed the money, and because he thought he could make it, he continued working for the employer on the next job. Finally, while dumping sacks of sand on an offshore job, he asked that he be sent to a doctor because he could no longer stand the pain. At the time he went on the last-mentioned job he had reported to the “pusher”, Mr. Sensat, that he was having back trouble, and on or about October 19, 1964, he had also told his foreman and father-in-law, Mr. Gilbert Boudreaux, that he had suffered an injury but he did not say when it occurred.
“Plaintiff’s testimony is corroborated by the testimony of his wife who stated that on or about October 6, 1964, her husband complained of his back hurting and that she applied a heating pad and liniment. It is her further testimony that her husband told her he had received an injury on the job. This was .the first time that he had ever complained of an injury to his back.
“Defendant introduced the testimony of William Winn, a co-employee with whom plaintiff had worked on the day of the alleged accident, who testified that plaintiff had never complained about hurting himself nor had he seen plaintiff fall and that plaintiff seemed to work without difficulty. Of this, plaintiff stated that he did not remember whether he had told the co-employee or not but at any rate, that he did not make an issue of it because he did not believe that it was going to be anything.
“In addition to the testimony of Mr. Winn, there is in evidence the medical report of Dr. Broussard which indicates that the injury allegedly occurred while the plaintiff was 'packing boards’.
“Considering all of the testimony, the court finds that the plaintiff has proved 'an accident and a causal connection between the accident and the injury, * . * * >>
There is no dispute as to the applicable law. The testimony of the plaintiff alone is sufficient to prove an accident provided: (1) there is nothing to discredit his testimony; and (2) his statements are corroborated by surrounding circumstances. Brister v. Great American Insurance Company, 171 So.2d 769 (La.App. 3rd Cir. 1965); Guilbeaux v. Trinity Universal Insurance Company, 134 So.2d 717 (La.App. 3rd Cir. 1961); Carter v. Casualty Reciprocal Exchange, 163 So.2d 855 (La.App. 2nd Cir. 1964).
Defendant contends plaintiff’s testimony as to the accident is discredited by the following: Plaintiff himself is not certain how he hurt himself or that it occurred on October 6;' plaintiff was aware of his employer’s insfructions to file an accident report immediately, yet he did not do this for about 2 weeks; plaintiff’s co-employee, William Winn, testified he knew nothing of the alleged pain and stiffness which developed in plaintiff’s back on October 6; and, in the history which the plaintiff gave to Dr. Broussard on October 19, 1964, he said he hurt his back “packing boards” but, actually plaintiff did not perform any such task on October 6.
As is shown by the above quoted portion of the trial judge’s written opinion, he explained these allegedly discrediting circumstances. As to plaintiff’s failure to report the accident, the initial pain was not severe and plaintiff, being a young man with a family, needed the wages and “thought he could make it.” Furthermore, he did not place the customary “no accident” notation on the work slip for October 6.
As to William Winn’s testimony, the trial judge apparently did not believe it or was satisfied with plaintiff’s explanation that he didn’t say anything to William Winn about his back pain because it was not sufficiently severe.
As to the notation in Dr. Broussard’s report that plaintiff hurt his back “packing *677 boards”, this must have been a misunderstanding on the part of the doctor. Plaintiff did occasionally carry boards, when assigned to crews building board roads but, on this occasion, he was not engaged in this type of activity.
The plaintiff points out that his testimony is corroborated. As stated above, the job ticket for October 6, did not show the customary “no accident” notation. Plaintiff explained that he deliberately omitted this notation because he thought he had hurt his back and wanted to “protect” any claim he might have if his back became worse.
Plaintiff’s wife corroborated him in her testimony that beginning on the night of October 6 he complained of his back and that she rubbed it with liniment and put a heating pad on it.
Plaintiff finally did report to his foreman on about October 19 that his back had been hurt and had become progressively worse to the point that he was no longer able to work.
In the history which plaintiff gave to Dr. Broussard on October 19, 1964, as well as the history subsequently given to Dr. R. E. Dupree and to Dr. Bordelon, he gave the date of the accident as October 6, 1964. He told these latter two doctors that he had hurt his back cutting brush.
Plaintiff is 25 years of age and has worked regularly as a laborer for several years, without any previous back trouble.
Essentially, the issue in this case was a question of fact resting largely within the discretion of the trial judge. After weighing all of the evidence, he found the accident was proved. We find no manifest error in this factual conclusion.
For the reasons assigned, the judgment appealed is affirmed. 'All costs of this appeal are assessed against the defendant appellant.
Affirmed.