275 So.2d 462 (1973)
Mrs. Sarah B. DUNCAN, Plaintiff-Appellant,
v.
HARDWARE MUTUAL CASUALTY COMPANY et al., Defendants-Appellees.
No. 12036.
Court of Appeal of Louisiana, Second Circuit.
March 6, 1973.
*463 Godfrey & O'Neal by John P. Godfrey, Many, for appellant.
Bodenheimer, Jones, Klotz & Simmons by G. M. Bodenheimer, Jr., Shreveport, for appellees.
Before AYRES, HEARD and HALL, JJ.
HEARD, Judge.
In this action Mrs. Sarah B. Duncan seeks to recover workmen's compensation from her employer, J. L. Devenport & Company, Inc. and its compensation insurer, Hardware Mutual Casualty Company. The insurer has since changed its name to Sentry Insurance. Mrs. Duncan contends that while lifting boxes of school supplies on or about October 20, 1970, she sustained an injury to her lower back, left hip and leg resulting in total and permanent disability. Defendants entered a general denial. The trial court concluded Mrs. Duncan had not established that she sustained an accident or compensable injury, and rejected her demands. Mrs. Duncan appealed.
Plaintiff was employed as assistant manager in defendant's dime store at the time of the alleged accident. She stated she was picking up and carrying boxes of merchandise up and down two to three flights of stairs. While bending from the waist to pick up a box, she allegedly experienced a catch in her back with pain radiating down her left hip and leg. Mrs. Duncan did not report this occurrence and continued to work in pain, without any absences, because of her financial condition. However, she testified she did tell some of her co-workers about the alleged accident. She was later notified of her termination, and on January 21, 1971, during her final week at work, she finally reported her injury to her manager and told the manager she was going to the doctor.
As in any other civil suit, a plaintiff in a workmen's compensation case must establish his demands by a preponderance of the evidence and this burden is not relieved by the liberal construction placed upon the statute. Nor does the liberality of the rules of evidence and procedure generally applicable to such cases apply to the proof that an accident occurred, or, if it did occur, that it caused disability. Carter v. Casualty Reciprocal Exchange, 163 So.2d 855 (La.App., 2d Cir. 1964) and cases cited therein. It is also true that the testimony of plaintiff alone is sufficient to prove an accident provided: (1) there is nothing to impeach or discredit his testimony; and (2) his statements are corroborated by surrounding circumstances. Carter, supra; Guillory v. American Fire & Casualty Company, 192 So.2d 674 (La.App. 3d Cir. 1966).
We do not find this latter doctrine available to Mrs. Duncan in the instant case because her testimony does not meet these criteria. The record reveals several instances of inconsistencies and apparent contradictions. An alleged "eye witness", Lizzie Thomas, one of her co-workers, denied the event had occurred as plaintiff described. Neither she nor any of the other employees allegedly informed by plaintiff, knew of this accident until Mrs. Duncan told them when she left the following January, nor did they remember her making any complaint.
Otis Hammontree, a stockboy, testified he was told of the accident the day it occurred and that she complained several times that day about her back. It was shown, however that he was not working that day, although he visited the store on his days off. The other witnesses testifying as to when and how she hurt her back were her husband and daughter, but neither were actual witnesses to the accident.
*464 Dr. John S. Wilson, examined plaintiff once the day she left work. His testimony in no way corroborates hers and is in conflict with hers in several instances. According to him, she had given him a history of first experiencing back, hip and leg pain some weeks prior thereto which began during a period of time when she was moving merchandise at the store, and denied any fall or heavy lifting or jerking which caused the onset of the pain. Mrs. Duncan testified she told him of the lifting incident and that it was a compensation claim. He returned Sentry Insurance's forms to the company incomplete with the notation that Mrs. Duncan had given him no history of injury.
Essentially, the issue in this case is a question of fact resting largely within the discretion of the trial judge. After weighing the evidence he found the accident was not proved.
We find no manifest error in this factual conclusion and affirm the judgment appealed at appellant's cost.