330 So.2d 408 (1976)
Clayton Paul CALAIS, Plaintiff-Appellant,
v.
PETROLEUM HELICOPTERS, INC. and American International Home Assurance Company, Defendant-Appellee.
No. 5415.
Court of Appeal of Louisiana, Third Circuit.
April 14, 1976.
Edwards, Stefanski & Barousse, by Jean Pierre Lendais, Lafayette, for plaintiff-appellant.
Schumacher, McGlinchey, Stafford & Mintz, by Carl J. Schumacher, Jr., Frederick B. Alexius, New Orleans, for defendant-appellee.
Before HOOD, GUIDRY and PETERS, JJ.
HOOD, Judge.
This is a workmen's compensation suit instituted by Clayton Paul Calais against Petroleum Helicopters, Inc. (referred to as "PHI"), and its insurer, American International Home Assurance Company. Judgment was rendered by the trial court in favor of defendants. Plaintiff appealed.
The principal issue presented, and we think the determining one, is whether an accident occurred in the course of plaintiff's employment which caused plaintiff to sustain a disabling injury.
Calais contends that an accident occurred at about 11:45 P.M. on Tuesday, December 17, 1974, in Morgan City, while *409 he was working as a truck driver or handyman for PHI. He testified that at that time he was assisting two other employees of PHI in carrying a helicopter blade, that he slipped and fell on his back while doing so, and that the helicopter blade fell on his chest. He claims that as a result of that accident he sustained injuries consisting of a strain of his chest and upper abdomen, with a ruptured blood vessel, and that he has been totally and permanently disabled since that time.
Plaintiff drove a PHI truck from Lafayette to Morgan City during the evening of December 17 and he arrived at his employer's place of business in Morgan City shortly before he says the accident occurred. One of the purposes of the trip was to load a helicopter blade on the truck and to transport it from Morgan City back to Lafayette. The accident described by plaintiff allegedly occurred while the blade was being carried from the place it had been located in a hangar, to the place where the truck was parked. Plaintiff testified that he suffered pain when the accident occurred, and that he began spitting up blood shortly thereafter. The blade was loaded on the truck despite that alleged accident, and plaintiff drove the truck back to Lafayette that night, although he stated that he suffered pain during that trip.
Calais identified one of the two men who allegedly assisted him in carrying the helicopter blade when the accident occurred as being John Laurenson. He did not know the name of the other one, but he knew that he was an employee of PHI. Laurenson, an aircraft mechanic for PHI, testified that plaintiff did not assist at any time in carrying or loading the helicopter blade, that plaintiff was not in that immediate vicinity when the blade was handled, and that no accident of any kind occurred while that was being done. He stated that the blade was carried to and loaded on the truck solely by Laurenson, David Pitts, Richard Gibbens and Randy Breckinridge, all of whom were employees of PHI. He said that Calais went into the office immediately after he arrived at the hangar in Morgan City, that Laurenson did not see him again until after the blade had been moved and loaded on the truck, and that plaintiff was "nowhere in sight" while the blade was being handled.
Pitts and Gibbens testified at the trial, and both of them confirmed the testimony of Laurenson that Calais did not assist in carrying or loading the helicopter blade, that he was not in that vicinity when the blade was moved, and that no accident of any kind occurred while that was being done. Pitts was working for PHI at the time of the alleged accident, but he was no longer working for that establishment when the case was tried. Gibbens is an aircraft mechanic for defendant and he was working as a supervisor for that company when the above accident occurred.
The record indicates that the only persons who were in or near the hangar when the accident allegedly occurred were plaintiff, Laurenson, Pitts, Gibbens, Breckinridge and another PHI employee who was washing the floor. Breckinridge and the employee who was washing the floor did not testify at the trial.
Plaintiff's testimony that an accident occurred on the above mentioned date thus is contradicted by three of his co-employees who were present at that time. His testimony to that effect is not supported or corroborated by that of any other fellow employee.
Patrick Arceneaux was the assistant supervisor of maintenance for PHI, and it was his duty to supervise the drivers for his employer. He testified that Calais worked on Tuesday, December 17, and that he also worked the following day, December 18, on which date he drove a truck to Cameron. Plaintiff maintains that he did not work on Wednesday, December 18, but that instead he went to his family doctor, Dr. Louis Weinstein, for treatment on that day. Dr. Weinstein, contradicting plaintiff's statements, testified that he first saw and treated plaintiff on Thursday, December 19, 1974.
*410 Plaintiff also testified that when he first went to see Dr. Weinstein, he carried a cup with him and was spitting blood in that cup while waiting to see the doctor. His testimony to that effect is supported by that of his daughter, and by the statements of two friends, Mrs. Hazel Belton and Mrs. Jane Belton, who also were in the waiting room of Dr. Weinstein's office that day. Dr. Weinstein testified, however, that he did not see plaintiff bleeding at any time, that he found no blood in his sputum, and that he could find no objective signs of injury. He detected some swelling in plaintiff's upper abdomen, but he said that could be caused by gas or a gall bladder condition, rather than by trauma.
The law is settled that the testimony of the plaintiff alone is sufficient to prove an accident in a workmen's compensation case, provided that (1) there is nothing to discredit his testimony, and (2) his statements are corroborated by surrounding circumstances. Guillory v. American Fire and Casualty Company, 192 So.2d 674 (La.App. 3 Cir. 1966); Duncan v. Hardware Mutual Casualty Company, 275 So.2d 462 (La.App. 2 Cir. 1973).
In the instant suit, plaintiff's testimony that an accident occurred stands alone. His statements are discredited, however, by that of every other person who was present at the time and who testified at the trial. The testimony of plaintiff's daughter, and that of Mrs. Hazel Belton and Mrs. Jane Belton, to the effect that plaintiff was spitting blood while waiting for Dr. Weinstein on December 19, 1974, tends to corroborate a part of Calais' testimony. Their statements were contradicted to some extent by the testimony of Dr. Weinstein, however, and at best the part of plaintiff's testimony which they tended to corroborate constitutes very weak evidence that an accident occurred two days earlier.
Plaintiff contends, however, that he was prejudiced by a ruling of the trial court which prevented him from introducing evidence which would tend to corroborate further his testimony that an accident occurred. The record shows that the trial court sustained an objection to plaintiff's offer to introduce the "hearsay" testimony of his daughter, and that of Mrs. Hazel Belton and Mrs. Jane Belton, to the effect that plaintiff related to them how the accident occurred while they were in Dr. Weinstein's office a day or two later. He contends that their testimony as to what he told them about the accident should have been admitted in evidence. To support his argument that hearsay evidence is admissible in workmen's compensation suits, plaintiff cites Manues v. Ships and Power, Incorporated, 180 F.Supp. 850 (E.D.La. 1960), and Montgomery v. Delta Concrete Products Co., Inc., 290 So.2d 769 (La.App. 1 Cir. 1974).
We find it unnecessary to determine whether hearsay evidence is admissible in a workmen's compensation case to establish that an accident occurred, or to show the manner in which it occurred. Assuming that all three of these witnesses, that is, plaintiff's daughter and the two Mrs. Beltons, would testify that plaintiff told them on the morning of December 19, 1974, that an accident occurred as related by him at the trial, we have concluded that that testimony would not override the positive testimony of the eye witnesses, Pitts, Laurenson and Gibbens, that no such accident occurred.
Although procedural rules are construed liberally in favor of the claimant in a workmen's compensation suit, the burden of proof nevertheless rests on plaintiff to prove his case by a preponderance of the evidence, as is required in other cases. The testimony as a whole must show that more probably than not a work-connected accident occurred, and that it had a causal relationship to the claimant's disability. Prim v. City of Shreveport, 297 So.2d 421 (La.1974).
The factual findings of the trial judge are entitled to great weight, particularly when they involve a determination of *411 the credibility of witness, and his factual findings will not be disturbed on appeal unless found to be clearly erroneous. Dohmann v. Richard, 282 So.2d 789 (La.App. 3 Cir. 1973).
In the instant suit the trial judge found that the evidence failed to establish that an accident occurred in the course of plaintiff's employment. We cannot say that the trial judge erred in making that factual finding.
Our conclusion, like that of the trial court, is that the evidence fails to establish that an accident occurred in the course of plaintiff's employment. We thus find no error in the judgment rendered by the trial court rejecting plaintiff's demands.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.