JONES, Judge.
Plaintiff appeals from a judgment denying him workmen’s compensation benefits. We affirm.
Plaintiff was employed by Futch Motor Company as a mechanic’s helper. He quit this job on the morning of Wednesday, May 12, because of a dispute over the type of work he was required to perform. On Friday, May 14, plaintiff underwent a pre-em-ployment physical as a prerequisite to obtaining a new job. The doctor conducting this examination found plaintiff was suffering from an inguinal hernia. Plaintiff contacted the president of Futch Motor Company on Saturday, May 15, informing him of the diagnosis and of plaintiff’s belief the injury was job-related. Plaintiff brought this suit after a claim had been submitted to Travelers Insurance Company, the workmen’s compensation carrier for Futch Motor Company, and benefits were not forthcoming.
Plaintiff testified at trial that he felt a burning, pulling sensation in his lower abdomen while moving a heavy motor block at work on the afternoon of Monday, May 10. Plaintiff’s wife testified to her husband’s soreness and swelling on Monday night and for several days thereafter.
Plaintiff’s co-workers testified they never heard plaintiff mention this accident or complain of pain. Plaintiff never reported the accident to his foreman or any other supervisory personnel as required by long established company policy. Plaintiff admitted he did not go to a doctor for the purpose of diagnosing or treating the injury, but that the nature of the injury was discovered only through a pre-employment physical examination required of him in applying for a new job.
The deposition of the examining physician and medical records of later treating physicians established plaintiff did have an inguinal hernia but did not establish the cause of the injury. Plaintiff did not give a job-related history of his injury to any of the physicians.
The trial court held plaintiff did not establish by a preponderance of the evidence plaintiff’s inguinal hernia resulted from injury by an accident arising out of the course and scope of his employment. Plain *1006 tiff complains the trial court did not give sufficient weight to the testimony of plaintiff and his wife.
In all claims for inguinal hernia, it must be established by a preponderance of the evidence the hernia resulted from injury by accident arising out of and in the course and scope of employment; the accident was reported promptly to the employer, and the employee was attended by a licensed physician within 30 days thereafter. LSA-R.S. 23:1221(4)(q)(i). The testimony of plaintiff alone may be sufficient to prove the accident occurred provided his statements are corroborated by the surrounding circumstances. Womack v. Pickett, 283 So.2d 852 (La.App., 2d Cir. 1973); Duncan v. Hardware Mutual Casualty Company, 275 So.2d 462 (La.App., 2d Cir. 1973).
After examining the record, we cannot say the trial court manifestly erred in determining plaintiff’s statements were not corroborated by the surrounding circumstances and he'failed to prove his case by a preponderance of the evidence, especially in light of the trial court’s better capacity to evaluate the credibility of witnesses. Merrill v. Sunbeam Corporation, 344 So.2d 445 (La.App., 2d Cir. 1977); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
For the foregoing reasons, the judgment of the trial court is affirmed, appellant to pay all costs of this appeal.