STOULIG, Judge.
Plaintiff, Charles Casnave, has appealed a judgment dismissing his suit for maximum workmen’s compensation benefits for an industrial accident in which he allegedly aggravated a pre-existing back problem that has left him totally and permanently disabled. We affirm.
Plaintiff’s medical history discloses about 12 years prior to this alleged incident, he had lumbar disc surgery. On October 17, 1975, plaintiff received a compromise compensation settlement of $13,640 plus medical of $1,534.26 for a back injury allegedly incurred when he was working for Broad-moor Corporation. On September 22, 1976 plaintiff allegedly sustained an injury to his back while in the employ of defendant, Rittner Engineering Company. The accident was alleged to have occurred when plaintiff was straightening an iron rod on a concrete form.
In reasons dictated in the record the trial judge concluded the plaintiff failed to prove that the admitted back disability became permanently worsened by the alleged accident.[1] The trial judge indicated plaintiff’s testimony was insufficient to carry the burden. This determination reflects the trial court’s evaluation of the credibility and the probative value of plaintiff’s testimony.
Appellant relies on those cases that hold a plaintiff’s testimony alone is sufficient to establish an accident occurred. Brister v. Great American Insurance Company, 171 So.2d 769 (La.App. 3d Cir. 1965). But in such cases the credibility of the plaintiff cannot be questionable.
Appellant’s testimony that he had fully recovered from all previous back insults and was able to perform strenuous labor with *204 out ill effects prior to the alleged accident is not supported by the medical testimony. He testified that Dr. Daniel Sinclair, an orthopedist, either stated or implied that plaintiff was fit to perform heavy labor three months before he accepted employment with defendant, Rittner Engineering Company. Dr. Sinclair denied this and testified that during his treatment of the plaintiff for the Broadmoor accident from November 13, 1974 through September 1975[2] he did not give plaintiff any advice other than to stay away from heavy manual labor and to seek rehabilitation for a different type of employment.
During the course of his testimony Dr. Sinclair confirmed that plaintiff did have a back problem but his examination of plaintiff’s back after the Rittner accident revealed that it was in a better condition than after the Broadmoor incident. The substance of Dr. Sinclair’s testimony is that if in fact there was an accident plaintiff had fully recovered from its ill effects. The record establishes plaintiff received compensation during the period he possibly could have suffered temporary disability.
Plaintiff’s credibility is in doubt and his entire case hinges on it. The medical findings that support disability from a September 1976 accident are based solely on the history he gives. The evidence confirms the wisdom of the trial court in resolving the issue of credibility against plaintiff.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
REDMANN, J., concurs with written reasons.
LEMMON, J., dissents with written reasons.

. The trial judge stated: “All of the elements are present, except, the Court feels that the plaintiff has failed to carry the burden of proof that he, as a matter of fact, was injured on the job or, that there was an aggravation of that injury on the job.”

. Dr. Sinclair did not discharge plaintiff from further treatment in September 1975. Plaintiff failed to return for further treatment.