331 So.2d 606 (1976)
William David SMITH
v.
LOUISIANA WELDING SUPPLY CO., INC., et al.
No. 10658.
Court of Appeal of Louisiana, First Circuit.
April 12, 1976.
Rehearing Denied May 24, 1976.
Writ Refused September 8, 1976.
Robert L. Raborn, Zachary, for appellant.
William C. Kaufman, III, Baton Rouge, for appellees.
Before LANDRY, SARTAIN and EDWARDS, JJ.
EDWARDS, Judge.
The plaintiff Smith sues for workmen's compensation benefits for total and permanent disability and for penalties and attorney's fees. He appeals from judgment dismissing his suit against his employer and its insurer.
The trial court in written reasons held that Smith had failed to prove the occurrence of an accident in the course of his employment. This is the principal issue on appeal.
Plaintiff had injured his shoulder previously in an automobile accident on September 13, 1972. Because of continuing problems with his shoulder following the accident, plaintiff underwent surgery, performed by Dr. Alvin Stander in September, 1973. Dr. Stander left, as intended, certain non-absorbable sutures in plaintiff's shoulder tissues. Following the operation, plaintiff worked at various jobs, but quit at least one of these because of yet persisting difficulties with his shoulder.
Dr. Stander, whom plaintiff continued to see, testified that his records showed visits *607 by the plaintiff on May 7, 1974 and again on August 14, 1974.
On September 9, 1974 plaintiff started working for Louisiana Welding Supply Company, Inc. He alleges that, on that day, he twice strained his shoulder while unloading gas cylinders. Plaintiff was working alone at these times; there were no other witnesses to the alleged accidents.
Plaintiff continued working that day at various jobs around the warehouse, making no mention to anyone of the accidents. Dennis Sanders, a co-employee, testified that he and plaintiff worked together late that afternoon moving some welding rods, without complaint from plaintiff.
Plaintiff's brother, also employed by Louisiana Welding, took him home from work that evening. He testified that the plaintiff told him then that he had hurt his shoulder lifting cylinders that day. Plaintiff's other witnesseshis girlfriend, his roommate, his roommate's girlfriend, and his motherall testified that plaintiff complained to them at home that evening of having hurt his arm at work.
Because of the pain in his arm, plaintiff testified that he did not return to work the next day. He stated that he notified his uncle, who had helped him secure the job, but did not otherwise report the accident.
Plaintiff did not thereafter return to work, although he did return to pick up his paycheck a few days later. He was paid by Gene Hansen, a supervisor at Louisiana Welding. Hansen testified that he asked the plaintiff why he quit and that plaintiff had told him that he was unable to do the work because of a previous injury to his shoulder, but did not mention having been hurt on the job.
On September 18, nine days after the alleged accident, plaintiff went to see Dr. Stander. (Plaintiff maintained the visit took place some three days after the accident, but the doctor's records indicate otherwise.) Plaintiff was hospitalized, treated, and discharged on September 30. He was readmitted on October 20, at which time Dr. Stander performed a second operation on his shoulder.
Both Dr. Stander and Dr. Bolton, who reviewed Dr. Stander's treatment, agreed that the plaintiff's problems with his shoulder were caused by a "host" reaction to the silk sutures employed in the first operation of September, 1973. While a trauma, such as a blow or strain, could have caused an aggravation of a preexisting condition, both doctors stated that it was just as likely the reaction could have occurred spontaneously. In short, the doctors' opinions were inconclusive as to the probable cause of plaintiff's present condition.
Dr. Stander did testify that plaintiff told him on October 24, 1974 that he had strained his shoulder while working at Louisiana Welding. However, Dr. Stander found no objective evidence of the occurrence of a strain either in his earlier examination of September 18 or when he performed the operation a month later.
The applicable rule of law is well established that the testimony of a plaintiff alone, in a workmen's compensation case, is sufficient to establish the occurrence of an accident, if there is nothing to discredit his account thereof and where his statements are supported by the surrounding circumstances. Dolhonde v. Gullett Gin Co., 25 So.2d 104 (La.App. 1st Cir. 1946); Cavender v. Flenniken Construction Co., Inc., 247 So.2d 652 (La.App. 2nd Cir. 1971). Nevertheless, as in all civil cases, the employee must establish an accident by a preponderance of the evidence; that is, by evidence which as a whole shows it to be more probable than not that an accident occurred. Landry v. Employers' Liability Assurance Corporation, Ltd., 233 So.2d 624 (La.App. 3rd Cir. 1970).
The surrounding circumstances tend to negate, rather than support, plaintiff's allegation that an accident occurred on the day in question. They include: (1) *608 plaintiff's past history of persistent shoulder problems, (2) plaintiff's most recent visit therefor prior to employment with Louisiana Welding coming less than a month before the alleged accident, (3) the lack of objective manifestation of injury on examination by Dr. Stander, (4) the delay in reporting the accident, (5) the failure to mention the accident on plaintiff's first visit to Dr. Stander nine days after the alleged accident, (6) the lack of any corroboration by Dennis Sanders who worked with plaintiff after the alleged accidents, (7) the testimony of Gene Hansen that plaintiff said he had quit because of an injury prior to his employment.
Considering the above apparent inconsistencies, we cannot say that the trial court committed manifest error in rejecting plaintiff's and his friends' testimony, especially in view of the great weight afforded the trial court's evaluation of the credibility of witnesses.
We therefore affirm the ruling of the trial court dismissing plaintiff's suit. Costs of the appeal are to be paid by the plaintiff-appellant.
AFFIRMED.