417 So.2d 475 (1982)
Frank P. WILLIAMS
v.
OFFSHORE FOOD SERVICE, INC. and XYZ Insurance Company.
No. 14977.
Court of Appeal of Louisiana, First Circuit.
June 29, 1982.
*476 Pete Lewis, New Orleans, for plaintiff and appellant.
Harriet R. Young, New Orleans, for defendants and appellees.
Before LEAR, CARTER and LANIER, JJ.
CARTER, Judge.
This workmen's compensation case is before us on appeal from a judgment of dismissal holding that appellant Frank P. Williams failed to prove a compensable accident and resulting disability in the course of his employment while employed as a truck driver by defendant-appellee Offshore Food Service, Inc.
Appellant Williams instituted suit against Offshore Food Service, Inc. and XYZ Insurance Company seeking benefits for total and permanent disability, medical expenses in the sum of $12,500.00, statutory penalties and attorney fees. Offshore Food Service, Inc. filed an answer of general denial. After trial on the merits and pursuant to written reasons, the trial judge rendered judgment in favor of defendant-appellee Offshore Food Service, Inc. dismissing appellant's suit at his costs. From this judgment, appellant has perfected this appeal.
The basic issues presented on this appeal are whether or not appellant Williams proved the occurrence of an accident in the course of his employment, and if such an accident occurred, whether any disability resulted.
Appellant was employed by appellee to transport and unload food supplies for offshore oil rigs on December 28, 1977. He had previously worked for appellee from November 25, 1970 until he quit on January 20, 1971, and again worked from July 6, 1971 until he terminated on November 6, 1971. Appellant's petition alleges that he sustained injuries while unloading a box of meat from a truck on February 23, 1978. He testified that he could not remember the date of the accident, but it occurred about 2:00 o'clock in the morning between the 4th and 6th of February, 1978, while at the Tenneco Dock in Intracoastal City.
After unloading at the Tenneco Dock, appellant testified that he returned to the warehouse and that Sam Pertuit (his supervisor) "saw there was something wrong with me and asked me what happened...". Appellant's version is that Pertuit told him to go home and if he didn't improve to see a doctor. After staying home a few days, he testified that he returned to work and was not able to make a scheduled trip to Texas. His testimony was that he did make a trip to Grand Isle while suffering severe pain, and upon returning was again advised by Pertuit to go home. Appellant then testified that his mother was called the next day and told to tell him to turn his credit cards in, and that he was *477 fired. Appellant contends that since February of 1978, he has not been able to work and has been unemployed.
Appellant's testimony was contradicted in virtually every respect by Sam Pertuit who testified by deposition. He testified that appellant never told him anything about his back bothering him. He stated that appellant only told him that he had to take some time off because of the illness of one of his daughters. Pertuit further testified that he was informed that appellant hadn't shown up for work and he called appellant's mother and told her that if appellant was not coming back to work he would have to turn in his credit cards. Approximately two or three days later, he was informed that the credit cards had been returned. Pertuit's testimony was that neither appellant nor any member of his family ever told him that appellant was injured or sick.
Robert John Blackwell, Jr., Personnel Manager of appellee Offshore, testified that there was never any report of accident and injury made to him, and that no report was ever made. He identified time cards and trip logs of appellant which showed that appellant worked February 1-10, 13-17, 20-24, 27, and additionally March 21, 22, 27, 28 and 29. Appellant did not return to work thereafter.
Appellant Williams did not consult a physician immediately after the alleged injury. However, in the early part of April, 1978, he applied for a job at John Wiemann's TV and Appliances and was accepted provided he could pass a physical examination. He was referred to Dr. Herman E. Walker, General Practitioner, for a preemployment physical which occurred on April 12. Dr. Walker found osteophyte or spur formations on the interior of L2 and the anterior of L3. As a result of the examination, Dr. Walker did not recommend appellant for employment on a job requiring heavy lifting or heavy labor as required in delivering refrigerators, washers, dryers, etc.
Dr. Walker was of the opinion that the spur formations were more likely degenerative changes and not trauma induced. He felt that if these degenerative changes were trauma induced they were more likely to result from a hyperflexion injury in the nature of a whiplash and not from picking up a box of meat weighing approximately 75 lbs. Dr. Walker's opinion was that picking up such a box would tend to cause a lumbosacral strain or ruptured disc, but not spurs on the anterior vertebral body. Dr. Walker further testified:
"Q. And from the report you have, there was no indication that he was suffering from any back problem or disability at the time that you examined him?
A. He denied all of the questions that I have mentioned to you previously. He denied ever having back trouble.
Q. More specifically, your report does not indicate him having any symptoms that would indicate
A. He denied specifically that he hadI said, `Have you ever hurt your back?' He said, `No'.
Q. On the basis of that report, though, would you say he had been symptomatic of a back problem at the time you saw him?
A. Not on the basis of this report on history or physical."
On July 27, appellant was examined by Dr. Kenneth N. Adatto, an orthopedic surgeon. Dr. Adatto testified that appellant related to him that he had been under the care of Dr. Walker "who had disabled him" because he could not pass a pre-employment physical. Appellant related to Dr. Adatto that he had previously injured his back about six months before the instant injury but that he had fully recovered about two months after the injury.
Dr. Adatto found mild muscle spasm and mild degenerative changes at L3 vertebral body and a transitional vertebral body at L5, S1. He felt that appellant had early preexisting arthritis, but felt the muscle spasm would clear up in time. He testified that the transitional body noted at the L5, S1 was not a result of trauma but developmental, not usually symptomatic and "doesn't present any problems." Dr. Adatto *478 estimated that approximately 80% of the spur formations were degenerative in origin and 20% trauma induced. When trauma induced, the spur usually developes in six months to one year post injury. Dr. Adatto declined to assess disability or ability to work and stated this assessment would have to be made by Dr. Walker. He did testify that appellant should avoid repetitive stooping and bending, and not lift objects from 25 to 50 lbs.
The law is well settled that the testimony of a plaintiff alone in a workmen's compensation case is sufficient to establish the occurrence of an accident, if there is nothing to discredit his account thereof and where his statements are supported by the surrounding circumstances. Dolhonde v. Gullett Gin Co., 25 So.2d 104 (La.App. 1st Cir. 1946); Cavender v. Flenniken Construction Co., 247 So.2d 652 (La.App. 2nd Cir. 1971); Smith v. Louisiana Welding Supply Co., Inc., 331 So.2d 606 (La.App. 1st Cir. 1976).
Even though the testimony of a plaintiff alone in a workmen's compensation case is sometimes sufficient to establish the occurrence of an accident, he still must establish an accident by a preponderance of the evidence; that is by evidence which as a whole shows it to be more probable than not that an accident occurred. Landry v. Employers' Liability Assurance Corp., Ltd., 233 So.2d 624 (La.App. 3rd Cir. 1970); Smith v. Louisiana Welding Supply Co., Inc., supra.
In the instant case, appellant presented no evidence to support his version of having sustained an accident and in fact, appellee provided documentation to refute and contradict appellant in virtually every particular. In essence, appellant's case is that an accident occurred sometime, somewhere and was reported to someone, but the claim is unsupported by any evidence other than the appellant's own contradictory testimony, said testimony also being contradicted by virtually all other evidence presented.
It is well settled that the findings of fact of a trial court will not be disturbed unless manifestly erroneous. Canter v. Koehring, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In the trial judge's written reasons for judgment, he stated:
"After considering the record of this case, the Court has concluded that the central issue which is depositive of this lawsuit is whether or not there was an accident and/or injury on or about February 23, 1978, as claimed by plaintiff.
It is the opinion and conclusion of the Court that plaintiff has failed to prove by a preponderance or sufficiency of evidence that an accident occurred or that he was injured in an accident during the course and scope of his employment on or about February 23, 1978.
According to plaintiff, after returning from his trip to Intracoastal City, he reported the alleged accident and injury to his back to Mr. Sam Pertuit. The testimony of Mr. Pertuit, given in deposition, clearly refutes plaintiff's claim of having reported an accident and injury to Pertuit. Likewise, the records of defendant contradict plaintiff's claim of having reported an accident or injury. The Court believes that had plaintiff reported the matter to Pertuit or any other employee of defendant, that fact would have been shown in the records of said company. Or, at least, some witness could have corroborated that fact.
Furthermore, the Court is not satisfied the evidence is sufficient to support the claim that even if an accident did in fact occur, defendant suffered an injury to his back, or that the alleged accident caused an aggravation of a pre-existing arthritis or degenerative condition of the spine. After reading the depositions of Dr. Herman E. Walker and Dr. Kenneth N. Adatto, the Court has concluded that the evidence is insufficient to justify a conclusion that plaintiff either injured his back or aggravated a pre-existing condition of the spine as he claimed. In fact, a reading of the deposition of Dr. Walker, who made a pre-employment physical of plaintiff on April 12, 1978, for John Wiemann *479 TV and Appliances, leads inescapably to the conclusion that plaintiff never hurt his back, something he admitted to Dr. Walker.
For these reasons the Court has concluded that Mr. Williams has failed to carry the burden of proof, and accordingly, the Court will render judgment in favor of defendant dismissing this lawsuit with prejudice."
Clearly, in the instant case, the surrounding circumstances tend to negate rather than support appellant's allegation that an accident occurred. We conclude that a reasonable evaluation of the evidence abundantly supports the trial court's finding that an accident did not occur on the day in question. We cannot say that the trial court committed manifest error in rejecting appellant's testimony, especially in view of the great weight afforded the trial court's evaluation of the credibility of witnesses.
We therefore affirm the ruling of the trial court dismissing appellant Williams's suit at his costs.
AFFIRMED.