CARTER, Judge:
This workmen’s compensation case is before us on appeal from a judgment of dismissal holding that appellant Alex Johnson, Jr. failed to prove a compensable accident in the course of his employment as a janitor at Louisiana State University.
Appellant Johnson instituted suit against Louisiana State University and its workmen’s compensation insurer, Niagara Fire Insurance Company of Dallas, Texas, seeking benefits for total and permanent disability, statutory penalties and attorney fees. Louisiana State University and Niagara Fire Insurance Company filed an answer of general denial and additionally filed a third party demand making Montgomery Elevator Company a defendant, alleging that in the event any judgment should be rendered against them they were entitled to judgment over and against Montgomery Elevator Company as the manufacturer, installer, and/or party maintaining said elevator. Subsequent to the answer and third party demand, an amended third party demand was filed by Niagara making Otis Elevator Company a defendant as the designer, manufacturer and installer of the elevator in question. The amended third party demand also alleged that both Otis Elevator Company and Montgomery Elevator Company (the party obliged to service and maintain the elevator in question) should be held liable in solido for indemnity in the amount of any judgment rendered against Niagara in the main demand. After trial on the merits and pursuant to oral reasons, the trial judge rendered judgment in favor of defendant-appellees LSU and Niagara dismissing plaintiff’s suit at his costs. Judgment was further rendered in favor of all third party defendants. From this judgment, both Alex Johnson, Jr. and Montgomery Elevator Company have perfected appeals and Otis Elevator Company answered the appeal.
The basic issue presented on this appeal is whether or not appellant Johnson proved the occurrence of an accident in the course of his employment.
*469 Appellant Johnson contends that on May 16, 1977, while in the employ of LSU engaged in doing janitorial work in Johnston Hall on the LSU campus, that he was injured in an elevator that went out of control, went below the basement floor and slammed into the foundation and/or came to an abrupt stop after jerking actions. He alleges that as a result of the jerking actions and the severe slam of the elevator coming to an abrupt stop, he was thrown about inside and received injuries to his back which rendered him totally and permanently disabled. It is not contested that appellant Johnson was engaged in a hazardous occupation and that if an accident and injury occurred, it occurred during the course and scope of his employment.
Appellant Johnson was employed at LSU sometime in February of 1977 as a janitorial worker whose primary responsibility was the maintenance of the third floor of Johnston Hall. He contends that the accident and injuries resulting therefrom occurred about 10:00 or 10:30 o’clock on the morning of May 15, 1977. Appellant Johnson contends that while using the elevator it slammed to a jerking abrupt stop and that he was thrown to the floor, the doors opened and he' crawled out. He testified that he did not mention anything about this occurrence to the first co-employee that he met (Russell Burkett), but he did tell another co-employee Ishmael Birch. At 12:30 o’clock during roll call, he testified that he reported the accident to his supervisor, Mr. Sam Taylor, and that as a result of the accident he has not been able to do any work since.
It developed during the course of the trial and as a result of expert testimony taken by deposition that appellant Johnson had previously had difficulties with his back and had undergone two prior laminectomies, one in 1971 and another in 1973. He had previously settled one workmen’s compensation claim and the weight of the medical testimony was to the effect that he did have residual disability from the prior injuries. However, on his application to gain employment at LSU, he certified that he was suffering from no disease or disability. Appellant Johnson contends that after the 1973 laminectomy, he only did odd jobs until his employment with LSU in February of 1977.
Sam Taylor, appellant Johnson’s supervisor and an employee of LSU for approximately 41 years, contradicted the testimony of appellant Johnson in most particulars. Mr. Taylor testified that appellant Johnson had told him he hurt his back cutting grass for a doctor and that Johnson told him “the elevator fell” but he was not hurt. He testified that he asked appellant Johnson if he wanted to go to the infirmary or to a doctor, and he was informed by appellant Johnson that he was not hurt and did not wish to go to the infirmary or to a doctor. Mr. Taylor further testified that appellant Johnson proceeded with his daily work and, after discussing the matter with him, sat down behind the counter and started laughing and talking “like he normally do”. Later on in the day, Mr. Taylor testified that he checked on appellant Johnson on the third floor of Johnston Hall and he was “cleaning his bathroom”.
Mr. Taylor said he immediately checked the elevator and found nothing wrong with it. He rode it “up and down, up and down” stopping the elevator on each floor, and found absolutely no malfunction. His testimony was corroborated by all other co-employees that testified as well as other testimony and evidence in the record. Mr. Taylor further testified that sometime after the accident, appellant Johnson came to his house on several occasions and insisted that Mr. Taylor testify that the elevator fell with him. He finally had to call the police to prevent further harassment. Later, appellant Johnson confronted Mr. Taylor on a street and threatened to shoot him if he didn’t testify that the elevator fell with him. Three other co-employees testified in the matter and all testified that appellant Johnson told them that the elevator fell with him but he did not appear injured, shaky or disturbed. All co-employees testified that he acted like he always did and that the elevator was not acting improperly at the time they used it on the day of the alleged accident.
*470 The law is well settled that the testimony of a plaintiff alone in a workmen’s compensation case, is sufficient to establish the occurrence of an accident, if there is nothing to discredit his account thereof and where his statements are supported by the surrounding circumstances. Smith v. Louisiana Welding Supply Co., Inc., 331 So.2d 606 (La.App. 1st Cir. 1976); Cavender v. Flenniken Construction Co., 247 So.2d 652 (La.App.2d Cir. 1971); Dolhonde v. Gullett Gin Co., 25 So.2d 104 (La.App. 1st Cir. 1946).
It is further well settled that the findings of fact of a trial court will not be disturbed unless manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring, 283 So.2d 716 (La.1973).
In the trial judge’s oral reasons for judgment, he stated as follows:
“... Having heard all the testimony today and having read the deposition of Mr. Hollis Burkett who is not here but whose deposition had been taken, taking all the surrounding circumstances into account, I think those surrounding circumstances tend to negate rather than support the plaintiff’s allegation that an accident occurred on the day in question, the testimony to the effect that almost immediately after the alleged accident occurred that one of plaintiff’s co-workers called the elevator up and used it without incident. The clear and unequivocal testimony of Mr. Sam Taylor, the plaintiff’s supervisor, was to the effect that after the roll call, sometime around 1 o’clock that he checked the elevator, ran it tip and down several times, and could find absolutely nothing wrong with it. There was not one scintilla of evidence introduced that showed any need for service on the elevator for any malfunction at any time in the near vicinity of May 16, 1977. Immediately following the alleged accident, the plaintiff, although he indicated to several people that the elevator had fallen he had no objective signs of any injury whatsoever. As a matter of fact, he told his supervisor, Mr. Sam Taylor, that he was not hurt. None of the fellow-workers that testified indicated that they had ever had any difficulty with the elevator involved here before the date of the alleged accident or following the date of the alleged accident. For all of these reasons, and I might say that as far as this court is concerned, as a matter of fact, I made a notation in the notes that I was taking during the course of this trial that Samuel Taylor, employee of Louisiana State University for a period of 41 years, the notation that the court made was that ‘this man strikes me a being honest and forthright, and I believed him when he said that if LSU were wrong that he would testify against LSU but if they were right then he felt it his obligation and duty to testify and tell the truth; and I believe he told the truth. ...”
Even though the testimony of a plaintiff alone in a workmen’s compensation case is sometimes sufficient to establish the occurrence of an accident, he still must establish an accident by a preponderance of the evidence; that is by evidence which as a whole shows it to be more probable than not that an accident occurred. Landry v. Employers’ Liability Assurance Corp., Ltd., 233 So .2d 624 (La.App. 3rd Cir. 1970); Smith v. Louisiana Welding Supply Co., Inc., 331 So.2d 606 (La.App. 1st Cir. 1976).
Clearly, in the instant case, the surrounding circumstances tend to negate rather than support appellant’s allegation that an accident occurred on the day in question. We conclude that a reasonable evaluation of the evidence abundantly supports the trial court’s finding that an accident did not occur on the day in question. We cannot say that the trial court committed manifest error in rejecting appellant’s testimony, especially in view of the great weight afforded the trial court’s evaluation of the credibility of witnesses. Having reached this conclusion, it is unnecessary to consider the various other allegations of error by appellant Johnson.
We therefore affirm the ruling of the trial court dismissing appellant Johnson’s suit and all third party demands. Costs of *471 appeal are to be paid by the plaintiff appellant.
AFFIRMED.