460 So.2d 26 (1984)
Thelma P. NELDARE
v.
BOARD OF SUPERVISORS OF SOUTHERN UNIVERSITY, et al.
No. 83 CA 1202.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
*27 F. Louis Gonzales, Baton Rouge, for plaintiff-appellant Thelma P. Neldare.
Thomas D. Benoit, Baton Rouge, for intervenor-appellant Board of Trustees, State Employees Group Benefit.
A. Clay Pierce, Jr., Baton Rouge, for defendant-appellee Board of Supervisors of Southern University, A & M College and Rockwood Ins. Co.
Before COLE, CARTER and LANIER, JJ.
COLE, Judge.
The issue in this worker's compensation case is whether or not plaintiff suffered a work-related accident.
Plaintiff, Thelma P. Neldare, claims she was injured in an accident on November 26, 1979 while working as a custodian at Southern University. There were no eyewitnesses to this alleged accident. Plaintiff's account of this incident is as follows. Upon returning to work after the Thanksgiving holidays, standing water was found in the Fine Arts building where plaintiff worked. Plaintiff and a co-worker, Nathaniel Taylor, bailed the water into buckets which they then emptied at another location. While lifting a bucket plaintiff felt a sharp pulling in her back and heard a popping noise. She immediately told Mr. Taylor what had occurred, and later in the afternoon informed her supervisor, Tom Jackson. Several days later she also related the incident to Dr. Whitfield, the chairman of the theatre department. However, she did not file a written accident report until almost a year later, in October of 1980.
It was established at trial that plaintiff continued to work for a period of time following the alleged accident, although she claimed she experienced increasing problems with her back. On December 20, 1979 she underwent a double hernia operation. She thereafter returned to work in February and worked for approximately two months. On December 8, 1980 she underwent back surgery. She has not returned to work since that date.
A claim for worker's compensation benefits was first asserted by plaintiff in June *28 of 1980. Upon denial of this claim, she filed the present suit. The State Employees Group Benefit Program (S.E.G.B.P.) intervened to seek recovery of medical benefits paid to plaintiff to the extent they were attributable to a work related accident. The trial court concluded the evidence did not adequately establish the occurrence of an accident and rejected the claims of plaintiff and intervenor. Both have appealed.
A worker's compensation claimant must establish the occurrence of a work-related accident by a preponderance of the evidence. Johnson v. Louisiana State University, 417 So.2d 467 (La.App. 1st Cir.1982). The testimony of the claimant alone may be sufficient to meet this burden of proof if there is nothing discrediting his testimony and if it is supported by the surrounding circumstances. Id. The trial court's evaluations of credibility and its findings of fact regarding the occurrence of an accident are entitled to great weight and will not be disturbed in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In the present case the trial court rejected plaintiff's testimony as to the occurrence of an accident, finding it lacked credibility. We find no error in this determination, noting there was evidence introduced at trial which cast doubt upon plaintiff's credibility. Insurance forms submitted to S.E.G.B.P. either by her or on her behalf indicated the injury for which she was receiving treatment was not work-related. They further indicated symptoms of plaintiff's back problems began in July of 1980 rather than November of 1979 as she testified at trial.
Plaintiff admits signing these forms. However, she maintains they were completed by personnel at her chiropractor's office and that she signed without reading them. This argument is without merit. A person who signs a written document is presumed to know its contents and he cannot repudicate it by claiming he failed to read the document. See Smith v. Leger, 439 So.2d 1203 (La.App. 1st Cir. 1983). It is also significant that plaintiff failed to file a written accident report with her employer until almost a year after her alleged injury. Additionally, contrary to plaintiff's claim, her former supervisor stated he was not informed by her of an alleged injury until after his retirement in June of 1980.[1]
Furthermore, plaintiff failed to offer reliable evidence supporting her contention that the accident was work-related. To corroborate her testimony she presented two witnesses whom she allegedly informed of her accident shortly after its occurrence. However, there were serious discrepancies between the testimony of these witnesses and statements made by them prior to trial. The testimony of one of these witnesses, Nathanial Taylor, was, in fact, diametrically opposed to a previous statement he had given to an insurance adjuster. In the former statement Taylor denied any knowledge of an accident, but at trial he claimed to have personal knowledge of its occurrence.
In view of these circumstances and considering the great weight accorded the trial court's evaluations of credibility, we find no error in the judgment dismissing the claims of plaintiff and intervenor. All costs are to be divided equally between the appellants.
AFFIRMED.
NOTES
[1] Plaintiff's supervisor, Tom Jackson, was deceased at the time of trial. Accordingly, his pre-trial deposition was admitted in evidence.