DOMENGEAUX, Judge.
Brian Carl Foreman brought this action seeking to recover worker’s compensation benefits, medical expenses, attorney’s fees and penalties for a knee injury he allegedly sustained in the course of his employment. Named as defendants were Barras Lighting Electric Company, Inc. (Barras Lighting), Foreman’s employer, and Allstate Insurance Company (Allstate), Barras Lighting’s worker’s compensation insurance carrier.
The trial court rendered judgment in favor of Foreman. The court overruled Bar-ras Lighting and Allstate’s exception of prescription, concluding that Foreman’s claim was not barred by time, awarded Foreman past supplemental earnings benefits pursuant to La.R.S. 23:1221(3), plus interest and penalties on those benefits, and decreed that Foreman be entitled to future supplemental earnings benefits should he be unable to work or should his earnings fall below the level he was paid as an employee of Barras Lighting as a result of any physical limitations caused by his injury. The claimant was, additionally, awarded a sum equal to his unpaid medical expenses, decreed to be entitled to future medical expenses incurred as a result of his injury and was awarded attorney’s fees and costs. It is from this decision that Barras Lighting and Allstate appeal.
The threshold which all worker’s compensation claimants must overcome is set forth in La.R.S. 23:1031. R.S. 23:1031 provides that for an employee to be entitled to worker’s compensation benefits he must receive a “personal injury by accident arising out of and in the course of his employ-ment_” Although the Worker’s Compensation Act does not state which party in a suit for compensation benefits bears the burden of proof, or what that burden shall be, the jurisprudence is well-settled that the claimant bears the burden of proving his case by a preponderance of the evidence. Prim v. City of Shreveport, 297 So.2d 421 (La.1974), and Dunn v. Glen D. Lowe Co., 346 So.2d 1337 (La.App. 3rd Cir.1977), writ denied, 350 So.2d 672 (La.1977).
Subsequent to a thorough review of the record, we conclude that the plaintiff has not met his burden. We must, therefore, respectfully reverse the decision of the district court.
The Louisiana Constitution of 1974, Article 5 § 10(B) empowers appellate courts to review both law and facts. The jurisprudence interpreting the constitution establishes two standards for appellate review of facts. The decision of a trial court which rests upon testimony given in open court, whereby the trier of fact had the opportunity to evaluate credibility and resolve conflicts in testimony, should be reversed only upon a showing of “manifest error.” Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). When, however, the decision of a lower court rests merely upon a deposition where the trier of fact not having enjoyed the advantage of viewing the witnesses and hearing the testimony, an appellate court is then equally capable of reviewing the testimony and “must determine, as a fundamental function of a reviewing court, the sufficiency and preponderance of the evidence.” Gould v. State Through La. Dept. Of Correct., 435 So.2d 540 (La.App. 1st Cir.1983), writ denied, 438 So.2d 1107 (La.1983).
The evidence received in this case entered the record both in the form of testimony given in open court and in the form of a deposition. The plaintiff, Brian Foreman, and the defendants’ witnesses, Patrick H. Barras, Jr., Larry Ted Trish, David B. Goss and Joe Don Williams, Jr. all testified in open court. The conclusions of the trial court which rested on their testimony was given the greatest deference and was *700 reviewed according to the Arceneaux standard. The conclusions of the trial court which rested upon the testimony of the plaintiffs medical expert, Dr. Lynn Foret, an orthopedic surgeon whose testimony was received by way of his deposition, was reviewed according to the Gould standard.
The trial judge in his “Reasons for Judgment” devoted considerable attention to the “dishonest, if not fraudulent, intentions” of the plaintiff. We fully agree with that aspect of the trial judge’s decision. The evidence is overwhelming that the plaintiff intended to seek worker’s compensation benefits for an injury to his left knee which was not job related. We only disagree with the weight accorded Doctor Foret’s deposition testimony.
The trial judge was of the opinion that the deposition of Doctor Foret left the court “no option except to accept that the plaintiff had a work related aggravation” of a pre-existing condition. Subsequent to a comprehensive review of Doctor Foret’s deposition, we believe the trial court erred. We are of the opinion the deposition of Doctor Foret does not support the plaintiff’s cause but, in fact, creates considerable doubt that the plaintiff did experience a work related injury.
The plaintiff testified that shortly after his lunch break on August 22, 1983, a Monday, he attempted to climb a scaffolding he had recently assisted in erecting on his job site. Foreman testified that when he was not more than one or two rungs up the scaffolding, each rung being approximately eighteen inches apart, he heard his knee “pop” and he experienced pain. He stated that upon injuring his knee, two of his co-workers, Joe Don Williams, Jr. and David B. Goss, helped him to a truck and that Goss brought him to the hospital.
Foreman testified that the scaffolding he allegedly attempted to climb had been erected in a school auditorium and that Williams and Goss were “on the other side of the auditorium”- when his knee “popped.” When asked “What did you— did you yell out or did you — what did you do to let them [Williams and Goss] know that you got hurt?”, Foreman replied, “I must have yelled out. I don’t remember exactly.” Neither Williams nor Goss testified that they heard the defendant fall or holler.
The testimony of Williams and Goss differs considerably from that of the plaintiff. Williams testified that after Foreman returned from getting them soft drinks, a trip to a store in which Foreman drove the company’s standard transmission truck, he told Foreman to finish erecting the scaffolding by placing boards on the top of it. Williams further testified that when Foreman came down from the scaffolding, from which he, Williams, was not more than fifteen feet away, Foreman asked to speak with him. When Williams and Foreman met, each having approached the other, Williams stated that Foreman said “that he was going to say he hurt his knee and that he wanted to go to the hospital.” Williams testified that he observed Foreman descend the scaffolding and walk towards him, and that Foreman did not appear to be hurt or limping.
Subsequent to his “injury,” Foreman was hospitalized and had surgery on his left knee. While in the hospital Williams and Goss visited him on one occasion during their lunch hour. During the visit, Williams testified, Foreman “thanked me and Dave [Goss] for not telling Pat [Patrick Barras, the owner of Barras Lighting] about it.”
Williams also testified that he had spoken with Foreman on a couple of occasions after the incident and prior to the trial. On one occasion, Williams stated, Foreman stopped by Barras Lighting and they met “[b]ehind the shop.” Williams stated that Foreman, “told me that he was going to get over on Pat and wanted to check my story with his to make sure it was all correct.” Williams, in no uncertain terms, testified that Foreman asked him not to reveal the fact that he had faked the accident.
David Goss testified that he did not see Foreman fall or grab his knee or anything else that would have indicated that Foreman had suffered an injury. Goss did testify that when he drove Foreman to the *701 hospital Foreman appeared to be hurting. Goss, however, also stated that Foreman “appeared to be limping when he came on the job that morning” and that he had also complained about his knee before the alleged injury occurred. Goss stated that on the way to the hospital Foreman told him, “I’m glad I’m going to finally get my knee fixed....”
Larry Ted Trish, Barras Lighting’s operations manager, testified regarding a conversation he had with Foreman prior to Foreman’s commencing work for Barras Lighting. Trish’s testimony, in conjunction with the testimony of the other witnesses, indicates that Foreman’s claim for compensation benefits is fraudulent.
Trish testified that Foreman was a part-time employee who had been hired and laid-off previously by Barras Lighting depending upon its need for additional labor. Trish stated that when he spoke with Foreman, prior to rehiring him in the latter part of 1983, Foreman was interested in Barras Lighting’s hospitalization insurance. Foreman was told that although Barras Lighting did carry hospitalization he could not be covered under the policy as he was only a part-time employee. Trish also stated that Foreman made a statement to the extent that “he was glad to be back to work, and that no one would ever lay him off....” When Trish insisted that he elaborate, Foreman said, “there is always workmen’s comp or other things like that....”
Doctor Foret’s deposition, which we reviewed according to the Gould standard was accorded undue weight by the trial judge. It reveals that Foreman has a history of knee problems. The doctor’s testimony indicates that he first saw the plaintiff in June of 1983, approximately two months prior to the accident, and that Foreman stated on that occasion that he had experienced problems with his knees for several years. Doctor Foret stated that he wanted to schedule Foreman for an ar-throscopy and that he also thought it advisable to shave Foreman’s kneecap. The evaluation and shaving were never performed, however, because Foreman did not return to Doctor Foret’s office until the day of the alleged injury. The record leads this Court to the conclusion that Foreman did not follow Doctor Foret’s advice because he lacked insurance.
Doctor Foret testified that his examination of Foreman on August 22, 1983, revealed a recent injury to the medial meniscus and that he observed blood in Foreman's joint. The doctor did not, however, elaborate about how recently Foreman might have received the injury.[1] Neither did he say that the accident which Foreman alleged to have occurred caused plaintiff’s injury or an aggravation of his previous condition. The doctor did, however, testify that the injury which Foreman experienced would not ordinarily have occurred when someone was ascending a scaffolding. Doctor Foret stated that, unless Foreman had slipped, the type of injury which Foreman experienced is usually received when someone is climbing down. Foreman told Doctor Foret, and also testified at trial, that he injured his knee while attempting to ascend the scaffolding. We don’t interpret Doctor Foret’s testimony as helping the plaintiff.
Finally, the plaintiff should not recover for another reason.
The law is settled that the testimony of [a] plaintiff alone is sufficient to prove an accident in a workmen’s compensation case, provided that (1) there is nothing to discredit his testimony, and (2) his statements are corroborated by surrounding circumstances. Calais v. Petroleum Helicopters, Inc., 330 So.2d 408, 410 (La.App. 3rd Cir.1976). See also, Neldare v. Board of Sup’rs Of Southern University 460 So.2d 26 (La.App. 1st Cir.1984).
As shown in the body of this opinion, the plaintiff’s testimony has been discredited and his statements were not corroborated by the surrounding circumstances.
For the above and foregoing reasons the decision of the district court is reversed, *702 and plaintiffs petition is ordered dismissed. The plaintiff-appellee is ordered to return to the defendants all sums withdrawn from the registry of the court and all sums paid post-judgment.
All costs both in the district court and on appeal are assessed against the plaintiff-appellee.
REVERSED AND RENDERED.

. It is significant to note in this connection, and as related in the body of this opinion that David Goss, a co-employee, testified that plaintiff appeared to be limping when he came to work on the morning of and prior to the time of the alleged accident.