LeBLANC, Judge,
dissenting.
The majority opinion has overlooked some important facts. According to Mr. Sykes, in the latter part of 1983, he was injured on the job while moving an air compressor motor in New Roads, Louisiana.[1] As a result of this injury, Mr. Sykes saw Dr. Kent Martin during November of 1983. He complained that his right arm kept going to sleep. Subsequently, the March 20, 1984 accident took place in St. Francisville, Louisiana. In late April, plaintiff saw Dr. Martin again, complaining that his hands were still going to sleep. He was then referred to Dr. Turner.
In affirming the trial court’s finding of disability arising from the March 20, 1984 accident, the majority opinion sets forth the jurisprudential rule of law that the uncon-tradicted testimony of a witness, even though the witness is a party, should be accepted as true in the absence of circumstances in the record casting suspicion on the reliability of the testimony. The majority opinion finds that there is no evidence to contradict Sykes’ testimony that he sustained a work-related injury to his back on March 20, 1984. However, the majority opinion fails to address the many specific inconsistencies in the record that cast serious doubt on the reliability of Mr. Sykes’ testimony regarding the March 1984 accident.
The record establishes that there were no witnesses to the March 1984 accident and that plaintiff did not inform his immediate supervisor of the incident or file an accident report. Furthermore, plaintiff did not relate a history of any injury to his physicians when he sought medical treatment.
Although plaintiff did offer the testimony of a co-worker and station supervisor, Mr. Crowder, to corroborate his own testimony, Mr. Crowder’s testimony is not consistent with plaintiff’s testimony. Although Mr. Crowder testified that he was aware of the 1984 accident within two or *497 three days after it occurred, he also related his understanding of how the 1984 accident occurred. He said that Mr. Sykes told him that his back was hurting after changing out a motor in New Roads. Since Mr. Sykes testified that the 1983 accident took place in New Roads and the 1984 accident took place in St. Francisville, Mr. Crow-der’s testimony is unreliable since he described the 1984 accident as having occurred in New Roads. Mr. Crowder further testified that, although he was not Mr. Sykes’ immediate supervisor, it was his duty as a station supervisor to fill out accident reports concerning any injury or accident that occurred to any employee working at the St. Francisville station. However, he did not fill out any accident report regarding the 1984 accident that allegedly occurred at the Texas Eastern St. Francisville station.
The majority opinion states that the medical treatments given to Sykes were given soon after the March 1984 accident. This statement is misleading because it fails to address the medical treatments that Sykes received before the March 1984 accident and it wrongfully implies that the medical treatment received by Sykes prior to the March 1984 accident is not at issue in this appeal.
The medical reports of the two physicians that examined Mr. Sykes between November of 1983 and July of 1985 contradict a finding that Mr. Sykes was injured during March of 1984. Mr. Sykes first sought medical treatment for the problem with his arm during November of 1983, when he was examined by Dr. Martin. Dr. Martin’s medical report indicates that Mr. Sykes complained that “his right arm had been going to sleep for about a week”. Mr. Sykes next sought medical treatment during April of 1984. He was again examined by Dr. Martin. Dr. Martin’s medical report indicates, “[h]e told me his hands were still going to sleep and he finally decided that he needed to get something done about it”.
Dr. Martin referred plaintiff to Dr. Turner, who examined plaintiff on May 3, 1984. Dr. Turner’s medical report indicates that plaintiff complained of pain in the neck, right shoulder and right arm which had been “going on for a year or longer.” Plaintiff also complained of chronic low back pain. Dr. Turner had treated Mr. Sykes for chronic low back pain during previous years. Dr. Turner diagnosed a chronic cervical syndrome with a possible protruded cervical disc and admitted plaintiff into the hospital where he received conservative therapy for a five day period.
Although the medical reports do establish that plaintiff suffered from pain in his back, neck, right shoulder and right arm after the alleged March 1984 accident, the medical records also indicate that plaintiff had experienced all of these symptoms pri- or to March of 1984. Furthermore, the medical reports do not establish any aggravation of Mr. Sykes’ symptoms subsequent to March of 1984. Also, the causation of Mr. Sykes’ symptoms is not addressed in the medical reports. In addition, the medical reports do not assign any percentage of disability resulting from Mr. Sykes’ medical condition.
Moreover, some of the statements made by Mr. and Mrs. Sykes also tend to negate Mr. Sykes’ claim that the March 1984 incident aggravated a previous injury. When defense counsel asked Mr. Sykes if he had expérienced problems with his arms before the March 20, 1984, incident, he responded, “Well, my arms had been giving me a little problem but not as near as considerable amount after the [sic], I did the work over at New Roads.” Plaintiff’s own testimony tends to establish that his problem with his arms became more severe after the 1983 incident in New Roads rather than after the alleged 1984 incident in St. Francisville. Plaintiff also acknowledged that he had seen Dr. Martin in November of 1983 due to the problems he was having with his arms.
Mrs. Sykes testified that Mr. Sykes complained of a stiff neck and numb arms after the March 1984 accident. However, she also testified that he did have the stiffness in the neck before the March 1984 incident.
The facts of the present case establish that plaintiff’s testimony regarding the al *498 leged March 20, 1984 accident is not supported by the surrounding circumstances. The surrounding circumstances tend to negate rather than support plaintiffs claim that an accident occurred which aggravated a previous injury. See, Neldare v. Board of Sup’rs of Southern Univ., 460 So.2d 26 (La.App. 1st Cir.1984). Although procedural rules are construed liberally in' favor of worker’s compensation claimants, the burden of proof by a preponderance of the evidence is not relaxed. Plaintiff has failed to prove by a preponderance of the evidence that he suffered a job-related injury on March 20, 1984, and that this injury disabled him. The trial court’s contrary finding is clearly wrong. See, Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
For these reasons, I respectfully dissent from the majority opinion.

. Plaintiff did not claim any damages resulting from the alleged 1983 job-related accident in this suit.